Carol M. THOMPSON, as Executrix of the Estate of Wendell C. Thompson, Deceased, Plaintiff,

v.

CAPITAL AIRLINES, INC. and United Airlines, Inc., Defendant.

Joseph J. MULHERN, Sr., Executor of the Estate of Robert M. Carroll, Plaintiff,

v.

CAPITAL AIRLINES, INC. and United Air Lines, Inc., Defendant.

Marjorie R. SKAHILL, Administratrix of the Estate of John J. Skahill, Deceased, Plaintiff,

v.

CAPITAL AIRLINES, INC. and United Air Lines, Inc., Defendant.

United States District Court
S. D. New York.
May 1, 1963.

Mulhern & Mulhern, Boston, Mass., Finn & Rebecchi, New York City, for plaintiffs.

Gay & Behrens, New York City, for defendants.

BONSAL, District Judge.

Defendants Capital Airlines, Inc. and United Air Lines, Inc., move for the transfer of these three wrongful death actions to the United States District Court for the Eastern District of Virginia, Richmond, Virginia (28 U.S.C. § 1404(a)).

The three actions grow out of an accident on January 18, 1960 in which a Capital Airlines plane flying from Washington Airport (Arlington County, Virginia) to Norfolk, Virginia crashed near Charles City, Virginia, killing all aboard. At the time of the accident Capital was a Delaware corporation with its principal place of business in Virginia. Subsequently, Capital merged with United, also a Delaware corporation, the liabilities of Capital being assumed by United.

The actions are brought under the Virginia Wrongful Death Statute. Plaintiff Mulhern is a resident of Massachusetts and was appointed executor by the Probate Court, Suffolk County, Massachusetts, of the estate of Robert M. Carroll, late of Massachusetts. Plaintiff Skahill is a resident of Rhode Island, but was formerly a resident of Massachusetts where she was appointed by the Probate Court, Norfolk County, Administratrix of her husband's estate. Plaintiff Thompson is a resident of Virginia and has been appointed by the Probate Court, Fairfax County, Executrix of her late husband's estate.

To authorize a change of venue under 28 U.S.C. § 1404(a) the Court must find: (1) that it is for the convenience of parties and witnesses, in the interest of justice, and (2) that the transferee district is one in which the action might have been brought.

So far as the first requirement is concerned, the Court is satisfied for the reasons hereinafter stated with respect to Thompson, that the convenience of parties and witnesses in the interest of justice would authorize the transfer of all three cases to the Eastern District of Virginia. However, as to Skahill and Mulhern, the Court must determine as well whether these actions could have been originally brought in the Eastern District of Virginia.

In Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960),

the Supreme Court held that if the plaintiff had a right to sue in the transferee district, it is a district where the action might have been brought, but if he does not have that right, it is not a district where it might have been brought. 363 U.S. at 344, 80 S.Ct. at 1090.

The Virginia Wrongful Death Act (Code of Virginia § 8–633 et seq.) provides that an action may be brought on behalf of a deceased person by his personal representative, and § 26–59 of the Code provides that no natural person not a resident of Virginia shall be appointed or allowed to qualify or act as personal representative of any decedent unless there be also appointed to serve with the non-resident personal representative a person who is a resident of Virginia. The requirements of the Virginia Code have been held applicable to suits brought in the Federal District Courts of Virginia. Grady v. Irvine, 254 F.2d 224 (4th Cir.), cert. denied, 358 U.S. 819, 79 S.Ct. 30, 3 L.Ed.2d 60 (1958); Holt v. Middlebrook, 214 F.2d 187, 52 A.L.R.2d 1043 (4th Cir. 1954).

The provisions of the Virginia Code requiring a local fiduciary are not uncommon in the several states of the Union. Their purpose is to protect the rights of local creditors and local beneficiaries. They are not designed to bar suits by foreign fiduciaries, but merely to assure that local interests will be protected. Therefore, the Virginia statute would not appear to preclude transfer under the standard laid down in Hoffman, supra. Nevertheless, the Court of Appeals for the Third Circuit has held otherwise in Barrack v. Van Dusen, 309 F.2d 953 (3rd Cir. as amended Feb. 21, 1963), cert. granted, 372 U.S. 964, 83 S.Ct. 1088, 10 L.Ed.2d 128, (April 15, 1963). Barrack also involved an airplane accident, which occurred in Massachusetts, and Massachusetts law provides that no personal representative appointed in another State may sue in Massachusetts unless there is an ancillary appointment made of a resident of that State. In holding that the District Court for the Eastern District of Pennsylvania could not transfer an action to Massachusetts, the Court stated:

> "We think that the holding in Hoffman v. Blaski, supra, compels the conclusion that respondent [the district judge] was without power to transfer these actions. The import of that decision is that unless the plaintiff *had an unqualified right to bring suit* in the transferee forum at the time he filed his original complaint, transfer to that district is not authorized by § 1404(a). * * * Nor can the district court's statement that these actions involve the legal fiction of the appointment of a personal representative be used as a basis for distinguishing them from Hoffman v. Blaski, supra. Certainly the requirement of capacity to sue is no more a legal fiction than is the necessity for having proper venue." 309 F.2d at 957. [Court's emphasis.]

The Court found that because of the Massachusetts statute the foreign personal representatives did not have an "independent right" to sue in Massachusetts and they construed Hoffman to require such an "independent right".

The District for the Western Division, Northern District of Ohio transferred an action arising out of the same accident here involved, to the District Court for the Eastern District of Virginia. However, the latter Court remanded the action to Ohio on the ground that under Hoffman and Barrack the action could not have been originally brought in Virginia. Goranson v. Capital Airlines, 221 F.Supp. 820, memorandum decision of Hon. John D. Butzner, Jr., dated April 10, 1963, U.S.D.C., E.D.Va., Richmond Division. While the Court may disagree with the technical interpretation given to Hoffman by Barrack (see dissenting opinion of Frankfurter, J. in Sullivan v. Behimer, 363 U.S. 335, at 351, 80 S.Ct. 1084, at 1093, 4 L.Ed.2d 1254, (1960), companion case to Hoffman), it would be futile under the present state of the law to transfer the Mulhern and Skahill actions to

Virginia since they would be promptly remanded here, as was done in Goranson. The question will be definitively settled when the Supreme Court hands down its decision in Barrack. Accordingly, the motions as to Mulhern and Skahill must be denied.

■■■ With respect to Thompson, there is of course no question that this action by a Virginia fiduciary could have been originally brought in Virginia. Hence, the only question here is whether the transfer is for the convenience of parties and witnesses and in the interest of justice; and the Court has no hesitation in saying that it is. While plaintiff's choice of forum must be considered, where the plaintiff brings a suit in a jurisdiction which is neither her home forum nor has any connection whatever with the matter in controversy, that choice is to be accorded less weight than would ordinarily be the case. Cressman v. United Air Lines, 158 F.Supp. 404, 407 (S.D.N.Y.1958). Mrs. Thompson is a Virginia resident suing under the Virginia Death Statute by reason of the death of her husband in an accident which occurred in Virginia. There can be little inconvenience in having her prosecute her action in her home state. While New York attorneys appeared of record in all three actions, it is interesting that the argument was made by a Massachusetts attorney admitted specially by the Court for that single purpose.

The defendants' showing as to convenience in granting transfer is persuasive. Public hearings were held in Richmond, Virginia by the Civil Aeronautics Board to investigate the cause of the crash. The witnesses as to the crash and as to local weather conditions will necessarily come from Virginia in the vicinity of the crash. None of these witnesses would be subject to the subpoena power of this Court. Defendants' employees and records are located in Virginia. Mrs. Thompson urges that if all three actions are not transferred it would be more convenient to try all three in New York. This is not persuasive since there are at least three actions presently pending in the Virginia court.

No apparent reason appears why Mrs. Thompson or indeed the other plaintiffs brought their actions in New York rather than in their home States, or in Virginia where the accident occurred. It is noted, however, that the Virginia Death Statute, like the Massachusetts Death Statute, provides for a limitation of liability. In Kilberg v. Northeast Airlines, 9 N.Y. 2d 34, 211 N.Y.S.2d 133, 172 N.E.2d 526 (1961), the Court of Appeals of New York, by way of dictum, stated that the limitation of liability in the Massachusetts Death Statute would not be enforced in New York in an action brought by a resident of New York for reasons of public policy of the State. This rule was followed by this Circuit in Pearson v. Northeast Airlines, 309 F.2d 553 (2d Cir. en banc Nov. 8, 1962), cert. denied, 372 U.S. 912, 83 S.Ct. 726, 9 L.Ed.2d 720 (Feb. 18, 1963). If this motivated the choice of a New York forum, it should be said that there is no reason to believe that the public policy considerations which motivated Kilberg would be extended to non-residents of this State. Finally, the courts will not condone what has sometimes been described as "forum shopping". See Goranson v. Kloeb, 308 F.2d 655 (6th Cir. 1962).

Therefore, as to Thompson, the motion to transfer the action to the District Court for the Eastern District of Virginia, Richmond Division, is granted.

Settle orders on notice.