Norman and Sylvia GALLEN, Individually, and Norman Charles Realty Corp., Plaintiffs,

v.

HOWARD D. JOHNSON COMPANY, Inc., Howard Johnson's Motor Lodges, Inc., Howard Johnson Incorporated of Florida, Howard Johnson Company, Inc., Realty Syndicates, Inc., Princeton Development Corporation and Phillips Petroleum Company (Inc.), Defendants.

LAKE ASSOCIATES, INC., Plaintiff,

v.

HOWARD D. JOHNSON COMPANY, Inc., Howard Johnson's Motor Lodges, Inc., Howard Johnson Incorporated of Florida, Howard Johnson Company, Inc., Realty Syndicates, Inc., and Princeton Development Corporation, Defendants.

Nos. 67 Civ. 83, 67 Civ. 808.

United States District Court
S. D. New York.

July 31, 1967.

Edward R. Downing, New York City, for plaintiffs.

Cravath, Swaine & Moore, New York City, for the Howard Johnson defendants, John R. Hupper, Laurence Greenwald, New York City, of counsel.

Baer, Marks, Friedman & Berliner, New York City, for defendant Phillips Petroleum Co., George H. Colin, Henry Winestine, New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for defendants Realty Syndicates, Inc. and Princeton Development Corp.

## OPINION

BONSAL, District Judge.

Defendants Howard D. Johnson Company, Howard Johnson's Motor Lodges, Howard Johnson Incorporated of Florida, and Howard Johnson Company (the Howard Johnson defendants) move for an order consolidating the above named actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; dismissing the actions for improper venue or, in the alternative, transferring the actions to the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to Rule 12 (b) (3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1406(a) or 1404

(a); and staying pre-trial discovery pending the disposition of this motion.* Defendant Phillips Petroleum Company (Phillips), which is named as a defendant in the *Gallen* action only, moves for an order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the *Gallen* action for failure to state a claim upon which relief can be granted and for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, and for an order pursuant to Rules 21 and 42 of the Federal Rules of Civil Procedure severing the *Gallen* action as to Phillips and directing that jurisdiction of the claims asserted against Phillips be retained by this court.

At argument, all parties consented to the motions for consolidation and for a stay of discovery, and the Howard Johnson defendants conceded that even if venue was improperly laid in this district, the actions should be transferred to Florida rather than dismissed. Accordingly, the court will consider only the Howard Johnson defendants' motion for transfer pursuant to 28 U.S.C. § 1404(a) and the Phillips' motions for summary judgment and for severance.

The complaints in these two actions allege various claims under the Federal antitrust laws and Florida statutory and common law. Both actions arise out of the operation by the Gallen plaintiffs of a Howard Johnson's Motor Lodge in Lake City, Florida and their proposed operation of a lodge in Wildwood, Florida. Plaintiffs allege in both actions that the Howard Johnson defendants conspired with Realty Syndicates, Inc. (Realty) and Princeton Development Corporation (Princeton) to force them out of business in Lake City and to prevent the Gallen plaintiffs from obtaining financing for their proposed lodge in Wildwood. In the *Gallen* action only, plaintiffs also allege that Phillips conspired with the other defendants to encumber the Wildwood property with an easement.

Specifically, the plaintiffs allege that the defendants injured them (1) by opening a competing lodge adjacent to a new highway in Lake City; (2) by delaying removal and installation of road signs in the Lake City area; (3) by following discriminatory reservation practices in operating the competing lodge in Lake City; (4) by requiring the Gallens unnecessarily to invest capital in their Lake City lodge in order to bring it up to required standards; (5) by failing to convey to plaintiffs property in Wildwood by a full warranty deed and in conveying the property instead subject to an easement which created a cloud on the title of the property; (6) by making it impossible for the Gallens to obtain financing for the construction of the proposed Wildwood lodge; (7) and by generally imposing such financial burdens on the plaintiffs that they were unable to construct the Wildwood lodge and lost, through foreclosure, the property on which the Lake City lodge was located.

As for the motion to transfer, Section 1404(a) provides that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Factors relevant to a determination of whether transfer is warranted include the relative ease of access to sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining willing witnesses; the possibility of a view of the premises, if a view would be helpful; the appropriateness in having a trial in

---

* At argument, defendants Realty Syndicates, Inc. (Realty) and Princeton Development Corporation (Princeton) stated that, subject to Judge Bryan's disposition of their motions to dismiss the actions against them for improper venue, they joined in the Howard Johnson defendants' motions for transfer pursuant to 28 U.S.C. § 1404(a). Judge Bryan denied the Realty and Princeton motions in a memorandum dated June 27, 1967. Therefore, the motions for transfer are treated as if made by all defendants except defendant Phillips Petroleum Company.

a forum at home with the applicable State law; and "all other practical problems that make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); Norwood v. Kirkpatrick, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955); Oil & Gas Ventures, etc. v. Kung, 250 F.Supp. 744 (S.D.N.Y. 1966); 1 Moore, Federal Practice, ¶0.145[5] (2d ed. 1964). The party seeking a transfer must make a clear-cut showing that it is warranted and unless the balance of conveniences weighs clearly in favor of the defendants, the plaintiff's choice of forum should not be disturbed. S.E.C. v. Golconda Mining Co., 246 F.Supp. 54 (S.D.N.Y. 1965); Schindelheim v. Braniff Airways, Inc., 202 F.Supp. 313 (S.D.N.Y. 1962).

■ It appears undisputed that most of the necessary witnesses are in Florida, including a number who are not employed by the Howard Johnson defendants. Andino v. The SS Claiborne, 148 F.Supp. 701 (S.D.N.Y. 1957). The plaintiffs have made claims under Florida statutory and common law which could be more readily resolved by the court in Florida. Harry Winston, Inc. v. Zale Jewelry Co., 191 F.Supp. 686 (S.D.N.Y. 1961). The allegations that the Howard Johnson defendants delayed in removing confusing road signs in the Lake City area and unnecessarily required the Gallens to make improvements on their Lake City lodge might make a view of the premises appropriate. United States v. General Motors Corp., 183 F.Supp. 858 (S.D.N.Y. 1960). Moreover, the court dockets are less congested in the Middle District of Florida than they are in this District. Axe-Houghton Fund A. Inc. v. Atlantic Research Corp., 227 F.Supp. 521 (S.D. N.Y. 1964).

Viewed in this context, the fact that the plaintiffs instituted their actions in this District will not control. The plaintiffs chose to do business in Florida and the controversy developed in Florida and

has little connection with this District. Thompson v. Capital Airlines, Inc., 220 F.Supp. 140 (S.D.N.Y. 1963); Rodgers v. Northwest Airlines, Inc., 202 F.Supp. 309 (S.D.N.Y. 1962).

Under the jurisdiction and venue provisions of the federal antitrust laws, 15 U.S.C. § 22, the Middle District of Florida, Jacksonville Division, is a district where the action "might have been brought." See, Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). The Howard Johnson defendants conduct a substantial amount of business in Florida and have directors and executive officers who reside in Florida. The land transaction between the Howard Johnson defendants and Phillips was carried out in Florida. Princeton is a Florida corporation, and Realty operates in Florida through subsidiaries. See, Gallen v. Howard D. Johnson Company, Inc., 67 Civ. 83 (S.D.N.Y. June 27, 1967) (Judge Bryan's Memorandum denying Realty's motion to dismiss for improper venue).

In view of the court's conclusion that the actions against the Howard Johnson defendants, Princeton, and Realty should be transferred, the *Gallen* action against Phillips should also be transferred since the transaction on which the action against Phillips is based occurred in Florida. Otherwise, the plaintiff will be forced to proceed in two different districts. It is therefore inappropriate for this court to rule on Phillips' motion for summary judgment, and its motion for a severance is denied.

Accordingly, the Howard Johnson defendants' motions for consolidation and transfer to the United states District Court for the Middle District of Florida, Jacksonville Division, are granted. The Phillips' motion for a severance and for summary judgment are denied without prejudice to renewal of the motion for summary judgment after the transfer.

Settle order on notice.