Beatrice **SAMINSKY**, as Executrix of the Estate of Hyman L. Saminsky, Plaintiff,

v.

**OCCIDENTAL PETROLEUM CORP.** and Armand Hammer, Defendants (And Twelve Other Actions).

No. 73 Civ. 5530.*

United States District Court, S. D. New York.

April 8, 1974.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiff Saminsky, by Richard M. Meyer, New York City.

Weinstein & Levinson, New York City, for plaintiff Mintz, by Samuel Weinstein, New York City.

Ira Jay Sands, New York City, for plaintiff Lickstein.

---

* And Nos. 74 Civ. 16, 74 Civ. 17, 74 Civ. 46, 74 Civ. 75, 74 Civ. 97, 74 Civ. 98, 74 Civ. 129, 74 Civ. 146, 74 Civ. 147, 74 Civ. 154, 74 Civ. 392 and 74 Civ. 500.

Kaplan, Kilsheimer, & Foley, New York City, for plaintiff Frankel, by Robert N. Kaplan, New York City.

Demov, Morris, Levin & Shein, New York City, for plaintiff Feldman, by Irving Bizar, New York City.

Gainsburg Gottlieb Levitan & Cole, New York City, for plaintiff Messenger, by Samuel Gottlieb, New York City.

Kreindler & Kreindler, New York City, for plaintiff Blumberg, by Paul M. Bernstein, New York City.

DiFalco, Field & O'Rourke, New York City, for Estate of Harry Lickstein, deceased, by Barton P. Blumberg, New York City.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendants Occidental and Hammer, by Sheldon Raab and Alan J. Russo, New York City.

Brown, Wood, Fuller, Caldwell & Ivey, New York City, for defendant A.G. Becker & Co.

Cravath, Swaine & Moore, New York City, for underwriting firms other than Becker, by Ralph McAfee, New York City.

Davis, Polk & Wardwell, New York City, for defendant Arthur Andersen & Co., by Jack P. Levin, New York City.

ROBERT J. WARD, District Judge.

Certain defendants move to consolidate the above numbered cases for purposes of a motion to transfer and to transfer these cases, pursuant to 28 U.S.C. § 1404(a), to the Central District of California. The remaining defendants join in the motions. For the reasons hereinafter stated, the motions are granted.

The cases at bar are purported class and derivative actions based on the federal securities laws. The gravamen of the complaints is that defendants allegedly omitted or misrepresented material facts relating to defendant Occidental Petroleum Corp.'s ("Occidental") tanker fleet operations in its 1970 Annual Report, issued in May, 1971; a prospectus, dated June 16, 1971, issued in connection with a public offering of its 7½% convertible subordinated debentures; a prospectus, dated July 29, 1971, issued in connection with a public offering of its common stock; and certain press releases issued in the fall of 1971 and in February, 1972. There is no question that jurisdiction and venue are properly laid in this district.

Section 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The criteria to be applied by the Court in exercising its discretion under § 1404(a) were set forth in Schneider v. Sears, 265 F.Supp. 257, 263 (S.D.N.Y.1967):

"* * * These include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer. [footnotes deleted]."

Although plaintiffs' choice of forum is a factor to be accorded weight,

"* * * the significance of a plaintiff's choice of forum is somewhat diminished in a class action, for, as the Supreme Court has stated:

'* * * [W]here there are hundreds of potential plaintiffs, * * * all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.' [Koster v. Lumbermens Mut. Cas.

Co., 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947); additional citations in footnote deleted].

"This rationale, announced in connection with a derivative action, is applicable, albeit with somewhat less force, to the instant class actions, each of which is brought on behalf of substantially the same class, the members of which are alleged to be so numerous and so scattered geographically as to make it impossible or impracticable to bring them all before this court. [footnotes deleted]." Schneider v. Sears, *supra* at 266.

Plaintiffs are purchasers of convertible subordinated debentures and common stock issued by defendant Occidental. Some of them may be witnesses at trial on the issues of reliance and damages.

Occidental is a California corporation with its principal place of business in Los Angeles. It does not maintain an office in New York, although some Occidental subsidiaries, which apparently have no connection with the claims in these cases, maintain offices here.

Of the eleven surviving present and former officers and directors of Occidental named as defendants in the instant complaints, seven reside in California, one resides in Greenwich, Connecticut, one in Fort Lauderdale, Florida, one in Cleveland, Ohio, and one in London, England.

Defendant Arthur Andersen & Co. ("Andersen") is Occidental's independent certified public accountant. Andersen asserts that all participation by it within the United States in any of the accounting treatments, changes, or adjustments referred to in these complaints took place exclusively in Los Angeles by or under the supervision of personnel of Andersen's Los Angeles office.

The managing underwriters, Blyth, Eastman Dillon & Co., Incorporated ("Eastman Dillon") and A. G. Becker & Co. Incorporated ("Becker") also join in the motion to transfer. Eastman Dillon's principal office is in New York; Becker's is in Chicago, Illinois. The

other underwriters, who also join in this motion, are widely scattered both in this country and abroad.

■■ The most significant factor to be considered is the convenience of party and non-party witnesses. As stated in Fogel v. Wolfgang, 48 F.R.D. 286, 291 (S.D.N.Y. 1969):

" * * * For [the] purposes of a Section 1404(a) motion, a determination of the location of the majority of material witnesses is of significant importance. Gallen v. Howard D. Johnson Co., 271 F.Supp. 680 (S.D.N. Y. 1967)."

The testimony which plaintiffs themselves will offer

"is likely to be minimal, probably no more than a recitation of the circumstances under which they purchased their stock. The critical evidence, testimonial and documentary, to sustain the claims must come from other sources." Schneider v. Sears, *supra*, 265 F.Supp. at 263; *see also*, Fogel v. Wolfgang, *supra*, 48 F.R.D. at 291–292.

In this regard, plaintiffs have indicated that they expect to call as witnesses in their behalf various tanker brokers, writers for trade publications in the tanker industry, and one Robert W. Cooper, defendant Andersen's tanker expert who is employed in Andersen's New York office. They have also indicated an intention to call persons from the law firm of Cravath, Swaine & Moore, counsel to the underwriters, as well as approximately six officers or employees from the New York offices of the lead underwriters and approximately ten officers or employees from the New York offices of participating underwriters.

None of these witnesses is under plaintiffs' control nor would any of them be subject to compulsory process in the Central District of California. Defendants Andersen and the underwriters have agreed to make the witnesses under their control available to plaintiffs at trial in the Central District of California. The law firm of Cravath, Swaine

& Moore has also agreed to make available at trial in the Central District of California those persons whom plaintiffs wish to call who are under its control.

The materiality of the testimony of these various witnesses is not clear to the Court. If their testimony concerns material matters, they could be significant; but the nature of their testimony is an unknown quantity.

However, the live testimony of these witnesses, even if material, would appear to be considerably less important than that of present and former Occidental and Andersen employees who participated in the allegedly fraudulent transactions. Defendants are charged with fraudulent conduct. In such a case,

" * * * [t]he demeanor of witnesses before the trier of the fact, with an opportunity to appraise credibility, may well mean the difference between acceptance and rejection of crucial testimony. [footnote deleted]." Oil and Gas Ventures—First 1958 Fund, Ltd. v. Kung, 250 F.Supp. 744, 756 (S.D.N.Y. 1966).

All but one of Occidental's and Andersen's potential witnesses are residents of the Central District of California. Defendants' one potential non-resident witness, George M. Williamson, who lives and works in London, England, has submitted an affidavit in which he states that his business responsibilities require him to travel regularly to Los Angeles; that he does not travel regularly to New York; and that legal proceedings in Los Angeles would be less disruptive of his business and personal activities than would proceedings held in New York. In addition, three former employees of Occidental, who are potential witnesses and who remain in the Los Angeles area, are not subject to its control. Defendants may be prejudiced if required to offer the testimony of these three witnesses by deposition.

On the other hand, the tanker brokers and writers whom plaintiffs propose calling are disinterested witnesses whose credibility is not apt to be in issue. Thus, plaintiffs are not likely to be prejudiced if they must resort to offering the testimony of these witnesses by deposition.

Moreover, it appears to the Court that much of the evidence in this case will be documentary. Although some of this evidence will come from New York and some from Chicago, it seems clear that most of the records and files are located in Los Angeles. Furthermore, the documents located in Los Angeles appear to be qualitatively as well as quantitatively important.

Taking into consideration all the relevant factors as set forth in Schneider v. Sears, *supra*, the Court concludes that the convenience of the parties and witnesses and the interests of justice would be best served by the transfer of these actions. Accordingly, defendants' motions to consolidate these cases for purposes of a motion to transfer and to transfer these cases to the Central District of California are granted.

It is so ordered.