**Signe CAMPBELL and Arthur Campbell, Plaintiffs,**

v.

**HILTON HOTELS CORPORATION, a Delaware corporation, Defendant.**

**No. 85–CV–72073–DT.**

United States District Court, E.D. Michigan, S.D.

June 6, 1985.

Jeffrey N. Shillman, Southfield, Mich., for plaintiffs.

Kenneth D. Wedes, Southfield, Mich., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE

La PLATA, District Judge.

On April 9, 1985, Plaintiffs, Signe Campbell and Arthur Campbell, filed a Complaint in the Wayne County Circuit Court against Defendant, Hilton Hotels corporation, alleging that Signe Campbell sustained injuries in an accident that occurred at a hotel located in Ft. Lauderdale, Florida, on July 12, 1984. On May 8, 1985, Defendant caused the matter to be removed to this Court, based on diversity of citizenship of the parties. 28 U.S.C. § 1441(b).

On May 17, 1985, Defendant filed a Motion for Dismissal, maintaining that the case should be dismissed, under Fed.R. Civ.P. 12(b)(2), for lack of personal jurisdiction over Defendant. Alternatively, Defendant requested that the matter be transferred to a more convenient forum, the United States District Court for the Southern Division of Florida. The Court notes that Plaintiffs have not filed a brief in opposition to Defendant's motion.

Appended to Defendant's motion is an affidavit of Anthony F. Sigmore, Defendant's current Claims' Manager. Therein, Mr. Sigmore stated that Defendant (1) is incorporated in the State of Delaware, having its principal place of business in Beverly Hills, California; (2) has not acceded to service of process in Michigan; (3) neither owns nor leases personal or real property in Michigan; (4) does not manage or employ any personnel at a Michigan Hilton Hotel, for each hotel is a self-operating franchise; and (5) would incur great hardship if compelled to defend the lawsuit in Michigan, since the witnesses and sources of proof are located in Florida.

Under 28 U.S.C. § 1391(b), the statute prescribing venue for diversity of citizenship cases, a lawsuit between citizens of different states may be instituted in either the judicial district where all of the plaintiffs reside, all of the defendants reside, or where the claim arose. See, generally, Wright, Law of Federal Courts, § 42 (3d ed. 1976). In the matter at bar, either a Federal District Court in Florida or Michigan would be a proper forum, since the Plaintiffs and Defendant are residents of Michigan and Florida, respectively, along with the cause of action having arisen in Florida.

Pursuant to 28 U.S.C. § 1404(a), a District Court is empowered to transfer a civil case to another District Court:

For the convenience of parties and witnesses, in the interest of justice, a dis-

trict court may transfer any civil action to any other district or division where it might have been brought.[1]

The above-cited statute has an underlying policy of facilitating the litigation of lawsuits in forums that provide convenience and fairness to the parties. See *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). A transfer of a case under Section 1404(a) is possible only if venue and federal jurisdiction existed in the original forum. *Viaggio v. Field*, 177 F.Supp. 643 (D.C.Md.1959).

In *Schneider v. Sears*, 265 F.Supp. 257, 263 (S.D.N.Y.1967), the District Court delineated the factors to be considered by a Court in exercising its discretion in a motion for a change of venue:

> * * * These include: (1) the convenience to parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interests of justice, a term broad enough to cover the particular circumstances of each case, which in sum indicate that the administration of justice will be advanced by a transfer.

Courts have uniformly held that a significant factor to be considered in a transfer motion is the convenience of party and non-party witnesses. *Gallen v. Howard D. Johnson Co.*, 271 F.Supp. 680 (S.D.N.Y.1967); 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3851 (1976). Contrariwise, the convenience and availability of counsel are given little weight in a change of venue motion. *Simmons Ford, Inc. v. Consumers Union of the United States, Inc.*, 490 F.Supp. 106, 107 (W.D.Mich.1980).

In the matter at bar, the Court concludes that a transfer of the personal injury action to the United States District Court for the Southern District of Florida will advance the administration of justice. In exercising its discretion, the Court has considered the following factors: (1) Defendant is incorporated in Florida, with its principal place of business in Beverly Hills, California; (2) the incident giving rise to the cause of action occurred in Florida; (3) Defendant's pertinent documents and records are maintained in Florida; (4) other than the Plaintiffs, there do not appear to be any witnesses who will be required to attend the trial in Florida and (5) the Florida Court would be more convenient for Defendant's witnesses.

WHEREFORE, the motion of Defendant for transfer of the cause to the United States District Court for the Southern District of Florida is GRANTED. Defendant's motion for costs is DENIED.

So Ordered.

---

1. In considering Defendant's alternative motion to transfer the case to the Southern District of Florida, this Court will assume that Defendant has sufficient minimum contacts with the state of Michigan to empower this Court to exercise personal jurisdiction over it. Even if the action were filed in an improper venue, the Court is authorized to transfer the case to a proper venue under 28 U.S.C. 1406(a). See *Goldlawr, Inc.* v. *Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).