Louise F. WRONIKOWSKI, Plaintiff,

v.

**GENERAL HOTELS CORPORATION, Defendant.**

Civ. A. No. 89–71095.

United States District Court,
E.D. Michigan, S.D.

June 23, 1989.

Deborah L. Fish, Detroit, Mich., for plaintiff.

Marisa C. Petrella, Harvey, Kruse, Westen & Milan, P.C., Detroit, Mich., for defendant.

OPINION AND ORDER

FEIKENS, District Judge.

This matter is before me on defendant's motion to quash service of process, to dismiss for lack of personal jurisdiction, or to transfer venue pursuant to 28 U.S.C.A. § 1404(a). I conclude that exercise of jurisdiction over this case does not violate the due process clause of the Fourteenth Amendment.

Wronikowski, a Michigan resident, suffered a slip and fall injury in the LeClub Lounge of the Holiday Inn–North located in Indianapolis, Indiana. Wronikowski is vice president of the board of directors of New England Towne Houses Cooperatives (New England). In that capacity, Wronikowski attended the annual convention of the Midwest Association of Housing Cooperatives (Midwest) which was held at the Holiday Inn–North. It was there and then that she allegedly suffered personal accidental injury. Wronikowski's reservation was booked by Midwest; her accommodations were paid by New England.

General Hotels Corporation is an Indiana corporation doing business as the Holiday Inn–North and LeClub Lounge. General Hotels manages the Holiday Inn–North on behalf of an Indiana partnership. The partnership is a franchisee of Holiday Inn, Inc. Subject matter jurisdiction is predicated upon diversity of citizenship.

### I. *Service of Process*

The summons in this case was served in Indiana by mail. Fed.R.Civ.P. 4(f) limits effective service of process to the state where the district court sits. Therefore the summons was served improperly. Nonetheless defendant admitted at oral argument that it had waived its right to challenge defective service by failing to object in its first responsive pleading. Thus I turn to the question of personal jurisdiction.

### II. *In Personam Jurisdiction*

Under the due process clause of the Fourteenth Amendment to the United States Constitution a defendant is subject to judgment *in personam* if it has certain

**6**

minimum contacts with the forum state such that maintenance of the suit there does not offend "traditional notions of fair play and substantial justice." *International Shoe Company v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Such minimum contacts may be found where defendant "purposely avails itself of the privilege of conducting activities within the forum state." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Defendant's conduct must be such that it should reasonably anticipate being called to account in the forum state. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). I find that defendant has the requisite contacts with Michigan.

Defendant operates a franchise of Holiday Inn, Inc. (Holiday Inn), a worldwide chain of hotels. Holiday Inn operates a centralized toll-free reservations network which books reservations for travelers at the hotels of its franchisees. Holiday Inn creates good will for its franchisees by advertising on a national basis. There is a substantial number of Holiday Inn hotels in Michigan.

█ Plaintiff's reservations were booked by Midwest. No doubt, Midwest was partly induced to book defendant's hotel because of the good will generated by Holiday Inn. Midwest either booked the defendant's hotel directly or by communicating through Holiday Inn. In the usual course of events, large conventions are booked only after extensive negotiations between the hotel and the convention organizers. It appears that Midwest's territory consists of Michigan, Illinois, Kentucky, Ohio and Indiana. Defendant knew or should have known that Michigan residents would be in attendance. Under these circumstances, I find that defendant transacted business in Michigan within the meaning of M.C.L.A. § 600.715(1), Michigan's long-arm statute.

Requiring General Hotels to defend in Michigan does not offend traditional notions of fair play and substantial justice. Defendant is a willing beneficiary of Holiday Inn's efforts on its behalf. The foreseeable result of those efforts is that persons from all over the country, including Michigan, will stay at defendant's hotel. Having accepted the benefits of affiliation with a national chain of hotels, defendant must accept the detriments. Affiliation with Holiday Inn permits defendant to reach out to a national market. Having reached out to travelers nationwide, including Michigan travelers, defendant cannot use Holiday Inn as a shield to avoid answering in Michigan's courts.

*Witbeck v. Bill Cody's Ranch Inn*, 428 Mich. 659, 411 N.W.2d 439 (1987), is distinguishable from the case before me because Bill Cody's is not affiliated with a national chain of hotels. Moreover, the court in *Witbeck* emphasized that its decision rested on the due process clause of the Constitution, not upon interpretation of Michigan's long-arm statute. *Witbeck, supra* at 666, 411 N.W.2d 439. Therefore *Witbeck* does not bind me. To the extent that *Witbeck* cannot be distinguished from this case, I decline to follow it.

### III. *Forum Non Conveniens*

█ Defendant moves in the alternative for a change of venue on the grounds of *forum non conveniens*. Under 28 U.S.C. A. § 1404(a) I have authority to change venue based upon the convenience of the parties and the interests of justice. Both parties intend to call witnesses who would be inconvenienced if they were required to travel to a foreign jurisdiction. Neither side has established that the balance of convenience weighs in its favor. Where the balance of convenience to the parties is roughly equal, I will respect plaintiff's choice of forum and deny a change of venue.

### IV. *Conclusion*

For all the foregoing reasons, defendant's motion to quash service of process, to dismiss for lack of personal jurisdiction and to transfer venue pursuant to 28 U.S. C.A. § 1404(a) is DENIED.

IT IS SO ORDERED.