**Anthony KEPLER, Rosanne Kepler, Irene Kepler, Brad Kepler, Lisa Kepler, and Terri Kepler, Plaintiffs,**

v.

**ITT SHERATON CORPORATION, DeBartolo Corporation, Pratt/DeBartolo Associates, d/b/a Sheraton Plaza Hotel, Edward D. DeBartolo Corporation, Pratt Hotel Management Corporation, and Sheraton Inns, Inc., Defendants.**

Civ. A. No. 94–71544.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 11, 1994.

Geoffrey N. Fieger, Gary S. Fields, Michael A. Schwartz, Fieger, Fieger & Schwartz, Southfield, MI, for Terri Kepler.

Lee C. Patton, Sullivan, Ward, Bone, Tyler & Asher, P.C., Southfield, MI, for Edward D. DeBartolo.

John B. DeMoss, DeMoss & DeMoss, Clinton Tp., MI, for Blue Cross Blue.

Patrick F. Hickey, Dykema Gossett, Detroit, MI, for Alicia Antosiek.

Richard A. Kudla, Richard A. Kudla Assoc., Southfield, MI, for Sheraton Inns Inc.

William D. Booth, Plunkett & Cooney, Detroit, MI, for Edward D. DeBartolo.

## *MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)*

GADOLA, District Judge.

This matter is before the court on defendants' motion for change of venue under 28 U.S.C. § 1404(a) for the convenience of the parties and the interest of justice. In the alternative, defendants are seeking dismissal or transfer of this action pursuant to 28 U.S.C. § 1406(a) due to improper venue. For the reasons discussed below, the court will order that the action be transferred to the United States District Court for the Middle District of Florida.

### I. Background

On January 15, 1994, plaintiff Anthony Kepler was a guest at the Sheraton Plaza Hotel in Orlando, Florida when he was injured by an electric shock in a hot tub located in the pool area of the hotel. Kepler and his family are seeking recovery of damages based upon the injuries he suffered, allegedly due to defendants' negligence.

While plaintiffs are all citizens of Michigan, the remaining defendants in this matter are all foreign corporations with their principal places of business outside of the state. Defendants ITT Sheraton Corporation and Sheraton Inns, Inc. (the "Sheraton defendants") are Delaware corporations which own and advertise the "Sheraton" trademark. These defendants issued a license for the operation of the hotel at the center of the controversy in this case. Defendants DeBartolo Corporation and Edward D. DeBartolo Corporation (the "DeBartolo defendants") are Ohio developers that are part owners of the hotel and the adjoining shopping mall. Defendant Pratt/DeBartolo Associates ("Pratt/DeBartolo") is a Florida general partnership which does business as the Sheraton Plaza Hotel. Defendant Pratt Hotel Management Corporation ("Pratt") is a Texas corporation that manages the hotel under a license from Pratt/DeBartolo.

Plaintiffs filed this action in the Wayne County Circuit Court on March 16, 1994. Defendants then removed the action to this court on April 19, 1994 on the basis of the court's diversity jurisdiction. Plaintiffs also originally named as defendants American Express Travel Related Services Company and two of its Michigan employees, Jane Ortner and Alicia Antosiek, who booked the hotel room in Florida for Kepler. In their notice of removal, defendants alleged that these three defendants had been fraudulently joined by plaintiffs in order to defeat this court's diversity jurisdiction. Subsequently,

these three defendants were dismissed from the case.

The DeBartolo defendants have filed a motion to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the Middle District of Florida because the convenience of the parties and witnesses favors such a change in venue. In the alternative, the DeBartolo defendants have filed a motion to dismiss and/or to transfer under 28 U.S.C. § 1406(a) based on their claim that venue for this case is not proper in the Eastern District of Michigan. In addition, the Sheraton defendants, Pratt, and Pratt/DeBartolo have together filed a separate motion for change of venue based on section 1404(a). Subsequently, the Sheraton defendants joined the motion to transfer pursuant to section 1406(a). Plaintiffs have responded that the action should remain in this district because it is more convenient and because venue is proper.

## II. Analysis

### A. Improper Venue

■ Defendants have brought a motion to dismiss that challenges venue in this district pursuant to section 1406(a). Section 1406(a) provides as follows:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

*Id.* Plaintiffs have the burden of showing that venue is proper. *Highland Music, Inc. v. Masters Int'l, Inc.*, No. 93–71778, 1993 U.S. Dist. LEXIS 15717, at *8 (E.D.Mich. Sept. 16, 1993) (citing *Bartholomew v. Virginia Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir.1979), *cert. denied*, 446 U.S. 938, 100 S.Ct. 2158, 64 L.Ed.2d 791 (1980)). Because jurisdiction in this matter is premised upon the diversity of the parties, the venue provisions in 28 U.S.C. § 1391(a) apply. Under section 1391(a), venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, ..., or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*Id.*

It appears to the court that plaintiffs base their allegation of proper venue in this district on the first provision of section 1391(a), their claim that all defendants reside in Michigan and that one of the defendants resides in the Eastern District of Michigan.[1] Where an action involves a corporate defendant, for purposes of determining venue, the defendant corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). Because all of the defendants in this matter are corporations or corporations engaged in a joint venture, in order to resolve the issue of whether there is improper venue, the court must determine if each of the defendants is subject to personal jurisdiction in the state of Michigan.

■ When personal jurisdiction is challenged, the burden is on the plaintiffs to establish that the court has jurisdiction over each of the defendants. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981). However, when determining whether there have been sufficient contacts with the forum state to establish personal jurisdiction, the court must interpret the pleadings and affidavits in the light most favorable to plaintiffs. *Id.*

■ A court may exercise personal jurisdiction over an out-of-state defendant only if the defendant is amenable to service of process under the state's long-arm statute, and only if the exercise of personal jurisdiction would not deny the defendant his due process of law. *Omni Capital Int'l Ltd. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). Michigan's

---

1. Section 1391(a)(2) is inapplicable in this matter as the parties agree that a substantial part of the events or omissions giving rise to the claim have not occurred within this district.

long arm statute regarding general jurisdiction, M.C.L.A. § 600.711, provides that

> [t]he carrying on of a continuous and systematic part of a corporation's general business within the state, shall constitute a sufficient basis of jurisdiction over the corporation to enable the courts of record of [Michigan] to exercise general jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.

Michigan's long-arm statute regarding specific jurisdiction, M.C.L.A. § 600.715, provides that limited personal jurisdiction exists over a corporation that "transact[s] ... any business within the state" where the controversy involved arises out of the transaction of that business within the state.

■ The principles of general jurisdiction may be applied when the defendant's forum contacts are so substantial that the plaintiff's cause of action need not be related to the defendant's in-state activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984). Specific jurisdiction is applied when a defendant who would not otherwise be subject to general jurisdiction, has transacted business within the forum and the plaintiff's cause of action arises out of that transaction. *Id.* at n. 8.

During oral argument, the Sheraton defendants admitted that they were subject to personal jurisdiction in the state of Michigan because they carried on a continuous and systematic part of their business in the state. Counsel for the DeBartolo defendants, however, indicated that he would investigate further to determine if his clients were subject to jurisdiction within the state. The court then directed the parties to supplement the record with additional information concerning the various defendants' contacts with Michigan.

The DeBartolo defendants subsequently submitted an affidavit admitting that the Edward J. DeBartolo Corporation manages a mall in Benton Harbor, Michigan and that it is doing business within the state "as determined by the venue statute." The DeBartolo Corporation does not directly do business in Michigan, but it owns one hundred percent of the stock of the Edward J. DeBartolo Corporation.

The Sheraton defendants also submitted supplemental material. In an affidavit, a representative of ITT Sheraton and Sheraton Inns merely stated that neither company owns any hotel within Michigan. An executive of Pratt Hotel Management stated that his company conducts no business in Michigan. Based on these affidavits, counsel for the Sheraton defendants asked the court to reconsider his admission during oral argument that his clients are subject to personal jurisdiction within the state.

■ In response to defendants' submissions, plaintiffs contend that even though defendants ITT Sheraton and Sheraton Inns may not own any hotels in Michigan, they still conduct a continuous and systematic part of their business within the state. In support of their contention, plaintiffs identify four hotels in Michigan that are subject to extensive licensing agreements by ITT Sheraton and Sheraton Inns. In addition, plaintiffs cite prior court precedent holding that a corporate defendant that conducts no business within Michigan, but that manages a hotel that is identified with a national hotel chain is subject to limited personal jurisdiction under MCLA § 600.715. *Wronikowski v. General Hotels Corporation*, 716 F.Supp. 5 (E.D.Mich.1989). In *Wronikowski*, a Michigan plaintiff filed suit in the Eastern District of Michigan after he was injured while staying in a Holiday Inn in Indiana. An Indiana defendant who managed the hotel claimed lack of personal jurisdiction in Michigan. The court held, however, that the Indiana hotel's association with a national hotel chain made jurisdiction proper under MCLA § 600.715 and under principles of due process. *Id.* at 6. Plaintiffs contend that this matter presents the same issues.

The court finds that venue is proper in this district. Each of the defendants is subject to personal jurisdiction under Michigan's long-arm statute and the exercise of that jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Company v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90

L.Ed. 95 (1945). Because each of the defendants is subject to personal jurisdiction in this state, venue is proper under section 1391(a).

The court finds that the facts presented by this case are indistinguishable from those presented in *Wronikowski*. Further support is presented in *Hughes v. Cabanas del Caribe Hotel*, 744 F.Supp. 788 (E.D.Mich.1990), *aff'd without op.*, 947 F.2d 945 (6th Cir.1991), where the court found that personal jurisdiction did not exist in a similar situation. In *Hughes*, however, the hotel involved was not identified with a national chain. The court indicated that personal jurisdiction would have existed had the hotel been part of a national chain. *Id.* at 797 (citing *Wronikowski*, 716 F.Supp. at 6; *Witbeck v. Bill Cody's Ranch Inn*, 428 Mich. 659, 411 N.W.2d 439 (1987)). In this case, the hotel involved is a part of the Sheraton national chain. Thus, those defendants that may not directly conduct business in the state are still subject to personal jurisdiction based upon their affiliation with Sheraton Hotels.

Under these circumstances, the court finds that each of the defendants is subject to personal jurisdiction under either MCLA § 600.711 or MCLA § 600.715. The exercise of such jurisdiction would not be in violation of the due process requirements of the Constitution. Because each of the defendants is subject to personal jurisdiction in Michigan, venue is proper pursuant to section 1391(a).

### B. Section 1404(a)

In addition to challenging venue, defendants are seeking a transfer of this action to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) based upon the convenience of witnesses and the interest of justice. Section 1404(a) provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) transfer is in the convenience of the witnesses and parties. *International Show Car Ass'n v. ASCAP*, 806 F.Supp. 1308, 1310; *In re Crash Disaster at Detroit Metropolitan Airport*, 737 F.Supp. 391, 393 (E.D.Mich.1989). In deciding a section 1404(a) motion, the court must consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice. *ASCAP*, 806 F.Supp. at 1310. District courts have more discretion to transfer under section 1404(a) than was previously allowed under the doctrine of forum non conveniens. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253, 102 S.Ct. 252, 264–65, 70 L.Ed.2d 419 (1981).

As an initial matter, there is no dispute that this action could have been filed in the Middle District of Florida. In fact, as is clear from an earlier portion of this decision, there is a strong dispute concerning the propriety of venue and personal jurisdiction in this district, while such issues would be clear and unchallenged in a district court in Florida. Such a fact militates in favor of transfer.

Defendants seek to have this action transferred to the district in which the events giving rise to this litigation occurred. Anthony Kepler was injured in Orlando, Florida. All of the fact witnesses and some of the damage witnesses are located in the Middle District of Florida. Defendants contend that the following witnesses are present in that district and are amenable to process there: (1) employees of the hotel involved in the accident; (2) members of the Orange County Sheriff's Department who performed an extensive investigation; (3) inspectors from the county electrical and building inspection departments; (4) the building contractors who worked on the hot tub where the accident took place; (5) the inspector who examined the hot tub before the accident; (6) a representative of the light fixture manufacturer; and (7) emergency medical personnel and

doctors who treated Mr. Kepler immediately after the accident. In addition, defendants contend that litigation and discovery will be more convenient in the Middle District of Florida because exhibits and documentary evidence from hotel records, government reports, and investigative materials are located in that district.

In response, plaintiffs contend that a transfer should not be granted because Mr. Kepler and his family reside in Michigan and because "over 50" medical personnel involved in his continuing treatment are also located in Michigan. Furthermore, plaintiffs emphasize the difficulty that Mr. Kepler, who is confined to a wheelchair, would experience in traveling to Florida for the trial.

■■ After considering all of the relevant factors, the court finds that a transfer to the Middle District of Florida will further the interest of justice and the convenience of the parties and witnesses. Although plaintiffs' choice of forum should be granted some deference, "it is undisputed that 'courts will not blindly prefer the plaintiff's choice of forum'" over a more convenient location. *Danuloff v. Color Ctr.*, No. 93–73478, 1993 U.S. Dist. LEXIS 18783 (E.D.Mich. Nov. 22, 1993) (citing *Waste Distillation Tech., Inc. v. Pan American Resources*, 775 F.Supp. 759, 764 (D.Del.1991). In the case at bar, a trial in the Middle District of Florida would be easier and more expeditious and inexpensive.[2] All of the fact witnesses, except for the plaintiffs, are located in Florida and are subject to process.[3] Finally, this case will be governed by questions of Florida law, questions with which the federal judges in Florida are much more familiar with than this court.

In a nearly identical case decided in this district, the court found that a transfer to the site of the accident would advance the administration of justice. In *Cambell v. Hilton Hotels Corporation*, 611 F.Supp. 155 (E.D.Mich.1985), a Michigan plaintiff was injured while vacationing at a Florida hotel. The court granted defendant's motion to transfer pursuant to section 1404(a) because the pertinent documents and records were in Florida and the convenience of all of the witnesses, except the plaintiff, was served by a transfer. *Id.* at 157.

Based on the foregoing analysis, the court will grant defendants' motion to transfer. The court finds that after considering and weighing of the factors presented, the interest of justice as well as the convenience of parties and witnesses is best served by further litigation of this matter in Florida.

### III. Conclusion

For the reasons discussed above, the court finds that venue is proper in this district and that it shall deny defendants' motion to transfer made pursuant to section 1406(a). In addition, however, the court will grant defendants' section 1404(a) motion to change venue based upon the convenience of witnesses and the interest of justice. As a result, the court shall order that this matter be transferred to the Middle District of Florida.

### *ORDER*

**THEREFORE, IT IS HEREBY ORDERED** that defendants' motion to transfer pursuant to 28 U.S.C. § 1406(a) is **DENIED.**

**IT IS FURTHER ORDERED** that defendants' motion for change of venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED.**

---

**2.** Although it sympathizes with the additional inconvenience that Mr. Kepler may experience from attending trial in Florida, such added difficulty is only one factor out of many that the court must consider.

**3.** In addition, the court is troubled by the multiple witnesses cited by plaintiffs' counsel in his affidavit. Rather than merely relying upon the difficulty faced by Mr. Kepler in traveling to Florida, the efficacy of respecting his choice of forum, and mentioning that his treating physicians are located in Michigan, plaintiffs' counsel has attempted to present a blizzard of medical

witnesses that he claims require trial in the Eastern District of Michigan. Upon closer examination, however, it becomes clear that the blizzard is merely a mirage. The witnesses that plaintiffs' counsel hopes to call at trial include eight speech and/or occupational therapists, ten nurses, four home care nurses, two flight nurses, and two ambulance drivers. The court wonders about the value of the testimony presented by, for example, the ambulance drivers. Although the road conditions encountered by the ambulance crew may be interesting, they are of questionable relevance in this matter.

**IT IS FURTHER ORDERED** that this action shall be transferred to the United States District Court for the Middle District of Florida.

**SO ORDERED.**