**NORTH AMERICAN VIDEO CORPORATION, Plaintiff,**

v.

**Kenneth LEON and Marilyn Leon, Defendants.**

**Civ. A. No. 78–3106–K.**

United States District Court, D. Massachusetts.

Nov. 19, 1979.

1974); *Krulikowsky v. Metropolitan Dist. Council of Phila. & Vic.*, 212 F.Supp. 338 (E.D. Penn.1962).

Glass & Brooks, Boston, Mass., for plaintiff.

Robert L. Shuman, Fox & Shuman, Boston, Mass., for defendants.

## MEMORANDUM

KEETON, District Judge.

### I.

Defendants' Motion to Dismiss on the ground that the court lacks jurisdiction over the person of the defendants has been considered on the basis of the oral hearing of July 11, 1979, and the briefs and affidavits in support of and in opposition to the motion, including those filed after as well as those filed before the oral hearing.

Plaintiff asserts personal jurisdiction under the Massachusetts long-arm statute, Mass.Gen.Laws c. 223A, § 3:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth; (b) contracting to supply services or things in this commonwealth; (c) causing tortious injury by an act or omission in this commonwealth; (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenues from goods used or consumed or services rendered, in this commonwealth . . . ..

The complaint alleges, and matters filed in opposition do not contest, that (1) plaintiff North American Video Corporation ("NAVCO") is a Delaware corporation having its principal place of business in Lowell, Massachusetts; (2) Mid Atlantic Video Corporation ("Mid Atlantic") was a Delaware corporation that had its principal place of business in Melville, New York, and that by merger on May 1,. 1975, lost its separate identity and became a division of NAVCO; (3) defendant Kenneth Leon served for a time as corporate vice-president of NAVCO and president of Mid Atlantic and was in charge of NAVCO's New York-New Jersey operation; (4) defendant Marilyn Leon, wife of defendant Kenneth Leon, served for a time as part-time secretary and bookkeeper for Mid Atlantic and later for NAVCO.

Plaintiff alleges that between 1973 and September, 1977, defendants engaged in schemes, in concert with others, to defraud plaintiff and misappropriate funds and equipment belonging to plaintiff. Among the allegations are charges that defendants by misrepresentations and nondisclosures to employees of NAVCO in Massachusetts (1) caused equipment to be shipped from Massachusetts and (2) caused false expense vouchers, filed and paid in the New York branch office, not to be questioned by employees in NAVCO's principal office in Massachusetts.

Defendants argue (1) that defendant Kenneth Leon did not "transact any business" nor supply any goods or services in Massachusetts and did not commit "any acts within or without Massachusetts which resulted in 'tortious injury' to the plaintiff" and (2) that defendant Marilyn Leon was hired in New York as Kenneth Leon's secretary, never had any duties other than those to be performed in New York, and when accompanying her husband to Massachusetts did so only as his wife and not as an employee of NAVCO.

## II.

From an examination of the affidavits presented in support of and in opposition to the motion to dismiss for want of jurisdiction over the person of the defendants, it appears that as to the defendant Marilyn Leon a genuine dispute of fact may exist as to whether she physically entered the state of Massachusetts to transact business with the plaintiff, as distinguished from entering only to accompany her husband, the defendant Kenneth Leon, when he entered to transact business with the plaintiff. Also, depending in part on the determination of the correct legal standards for determining what conduct of an individual constitutes "transacting any business in this commonwealth" or constitutes "an act or omission in this commonwealth" as those phrases are used in Mass.Gen.Laws c. 223A, § 3, it may be that a genuine dispute of fact exists as to whether either defendant engaged in conduct amounting to "transacting any business in this commonwealth" or amounting to "an act or omission in this commonwealth."

In these circumstances, three distinct ways for the court to proceed might be suggested: (1) consider whatever evidence is presented and make findings on any disputed facts that are, under relevant legal standards as determined by the court, essential to disposition of the motion to dismiss; (2) apply instead a "threshold" standard, determining only whether the affidavits before the court make a prima facie showing of facts required to sustain juris-

diction over the person of each defendant; (3) defer ruling until trial, at which time the evidence relating to the disputed facts may be relevant to disposition on the merits as well as jurisdiction over the person.

The first two of these different ways of proceeding were addressed at the oral hearing in this case. The third way of proceeding is based on Fed.R.Civ.P. 12(d), which authorizes a court to order that "the hearing and determination" of defenses enumerated in Rule 12(b)(1) through (7) be deferred until the trial. This court had occasion recently to consider whether this option remains open after "hearing," and concluded that it does:

> In this case a "hearing" has already occurred on State Defendants' Motion to Dismiss, since oral argument was held and written submissions were filed. It seems appropriate, however, to interpret Rule 12(d) as allowing a court to defer "determination" even after "hearing," since the reasons for doing so may become manifest only after hearing has exposed them to examination.

*Roxse Homes, Inc. v. Adams*, 83 F.R.D. 398, 408 (D.Mass.1979).

The third way of proceeding has much to commend it in comparison with the first of the ways listed above. If the first course were undertaken, the court might be deciding key fact issues that, if the doctrine of estoppel were not applied, would be resubmitted for jury determination at trial, thus making wasteful use of scarce judicial resources and also creating a possibility of inconsistent findings by the court on motion and the jury at trial. If estoppel were applied on the basis of the court's resolution of the issues, thereby precluding waste and inconsistency, then either the court must impanel a jury just to try those issues for disposition of the motion—a dubious procedure at best—or else the parties would effectively be denied jury trial on those issues because the court's findings on them when determining the motion would preclude their resubmission at jury trial. For these reasons, proceeding in the third way would seem appropriate in this instance were the choice limited to the first and third ways.

The second way, in common with the first, avoids any problems of estoppel since the issues decided by the "threshold" standard under the second way of proceeding are different from those to be decided at trial. The second way of proceeding seems fairer and more appropriate than the third in the present case since it accords the defendants an opportunity to avoid the burden and expense of defending this action in this court if plaintiff cannot make out even a threshold showing of facts sufficient to support jurisdiction over the person. The second way of proceeding—requiring the plaintiff to establish a "threshold" showing but no more—establishing prima facie the relevant facts—is supported by precedent. *E. g., United States v. Montreal Trust Co.*, 358 F.2d 239 (2d Cir.), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966). This is the standard the court will apply in the present case.

This way of proceeding is also supportable as a decision by the court, after finding a prima facie showing of jurisdiction over the person, to defer the determination of jurisdiction over the person until trial, in accordance with Fed.R.Civ.P. 12(d). Under either the "threshold" theory or the deferral theory, the final determination of the key fact issues bearing on jurisdiction over the person will be made at trial. If they are decided in a way that defeats jurisdiction as to either defendant, as to that defendant plaintiff's action will then be subject to dismissal for want of jurisdiction over the person.

### III.

As explained in *Good Hope Industries, Inc. v. Ryder Scott Co.*, —— Mass. ——, ——, 389 N.E.2d 76, 79–80 (1979):

> Generally, a claim of personal jurisdiction over a nonresident defendant presents a two-fold inquiry: (1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction . . . consistent with basic due process requirements mandated by the United States Constitution?

Jurisdiction is permissible only when both questions draw affirmative responses. Since [the Massachusetts] long arm statute, G.L. c. 223A, functions as "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States," *"Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441, 443, 280 N.E.2d 423, 424 (1972), the two questions tend to converge. General Laws c. 223A, § 3, cannot authorize jurisdiction which is constitutionally unacceptable, even though the fact pattern asserted in support of jurisdiction apparently satisfies the statute's literal requirements. Likewise, G.L. c. 223A, § 3, asserts jurisdiction over the person to the constitutional limit only when some basis for jurisdiction enumerated in the statute has been established. Although presented with jurisdictional facts sufficient to survive due process scrutiny, a judge would be required to decline to exercise jurisdiction if the plaintiff was unable to satisfy at least one of the statutory prerequisites.

The initial inquiry, then, is whether plaintiff has established prima facie a fact pattern that meets the literal requirements of Mass.Gen.Laws c. 223A, § 3. Here, plaintiff has made such a prima facie showing with respect to fulfilling the literal requirements of subsections (a) and (c) of the statute.

■ Subsection (a) of c. 223A, § 3 relates to causes of action arising from a person's "transacting any business" in Massachusetts. The reference to "transacting any business"

> does not require that the defendant have engaged in commercial activity. That language is general and applies to any purposeful acts by an individual, whether personal, private, or commercial.

*Ross v. Ross*, 371 Mass. 439, 441, 358 N.E.2d 437, 439 (1976). *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ Affidavits submitted by plaintiff support a finding that defendants were in Massachusetts on many occasions during which defendant Kenneth Leon attended business meetings with other employees of NAVCO, in which operations of the New York office were discussed, and that both defendants made numerous telephone calls from New York to employees of NAVCO in Massachusetts, in which operations of the New York office were discussed. Although affidavits and memoranda submitted by defendants challenge the assertion that misrepresentations were made, they do not contest that meetings occurred in Massachusetts, in which defendant Kenneth Leon participated, or that both defendants made calls from New York to NAVCO employees in Massachusetts.

A defendant's initiation of telephone communications from outside the state to employees of a plaintiff in the state and the mailing of reports into the state are activities pointing to the conclusion that the defendant transacted business in Massachusetts, within the meaning of Mass.Gen.Laws c. 223A, § 3(a). *Good Hope,* —— Mass. at ——, 389 N.E.2d at 80.

As employees of NAVCO, defendants had a continuing relationship imposing on them duties of disclosure with respect to truth or falsity of reports of transactions regarding property and funds of NAVCO, and a violation of that duty would occur if, when operations of the New York office were discussed in meetings in Massachusetts or in telephone calls to Massachusetts, no disclosures were made of matters the defendants were under a continuing duty to disclose. The complaint alleges causes of action that, in the language of *Good Hope, id.,* have "arisen, at least in part, by virtue of [their] transaction of business in Massachusetts," through these business communications with NAVCO, since the claims are based in part on breach of the continuing obligation of disclosure.

Defendants argue that no business was transacted by either of them in Massachusetts because, even as to Kenneth Leon, who admittedly attended business meetings in Massachusetts, their actions were not undertaken in their individual capacities but solely as agents of plaintiff. Although

this argument may have force in relation to an effort by a third party to obtain personal jurisdiction over a person acting only as an agent for a corporation with which the third person transacted business in Massachusetts, it is inapplicable in an action between the principal and agent. As between principal and agent, in relation to a claim of violation of the agent's duty to the principal, the essence of the claim is that the agent acted not for the principal but in violation of the agent's personal duty to the principal. *See Ross v. Ross, supra.*

■ Subsection (c) of c. 223A, § 3 relates to causes of action arising from a person's "causing tortious injury by an act or omission" in Massachusetts. "Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state." *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 664 (1st Cir. 1972). Plaintiff has alleged and tendered affidavits supporting the conclusion that each of the defendants made telephone calls to NAVCO employees in Massachusetts in which the operations of the New York office were discussed and that defendants violated their duties of disclosure with respect to the truth or falsity of such reports. This fact pattern fulfills the literal requirements of c. 223A, § 3(c).

The literal requirements of Mass.Gen. Laws c. 223A, § 3 having been satisfied, there remains the inquiry whether the assertion of in personam jurisdiction over the defendants in the circumstances of this case comports with basic due process requirements. The seminal case in this area, *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), indicates that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *See Kulko v. Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690,

1697, 56 L.Ed.2d 132 (1978) ("an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that State"). To this formulation the Supreme Court has added that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. at 253, 78 S.Ct. at 1240. The First Circuit Court of Appeals recently commented upon the *Hanson* formulation as follows:

> The verbal formula used by the *Hanson* Court to justify its holding is not easy to apply. It is hard to say when a corporation has "purposefully" availed itself of "the privilege of conducting activities within the forum State," or when it has invoked "the benefits and protections" of a state's laws. *International Shoe* stands as a warning that conclusory labels such as "presence" or "purposefully availing" should not replace a practical concern for the facts of each case. *Hanson*'s language suggests that some sort of voluntary association with the forum is a jurisdictional prerequisite. Further elaboration of *Hanson*'s formula should depend on a case-by-case analysis of contacts rather than a parsing of the Court's language.

*Vencedor Manufacturing Co. v. Gougler Industries, Inc.*, 557 F.2d 886, 890 (1st Cir. 1977).

■ In the case at bar defendants had substantial contacts with Massachusetts. It is uncontested that meetings occurred in Massachusetts in which defendant Kenneth Leon participated and that both defendants made numerous phone calls from New York to plaintiff's employees in Massachusetts. The causes of action asserted by plaintiff arise out of alleged breaches of duty in conjunction with these contacts.

Defendants argue that they have not "purposefully availed" themselves of the benefits and protections of the laws of Mas-

 

sachusetts because they were acting as plaintiff's employees on the occasions of their contacts with Massachusetts. Apparently, their theory is that because they were acting as employees they were compelled to engage in the activities resulting in contact with Massachusetts.

A sufficient answer to this contention is that they were not compelled to be employees of plaintiff. Rather, they voluntarily chose to accept employment with plaintiff, a corporation having its principal place of business in Massachusetts. Moreover, if engaging in acts or omissions in violation of their fiduciary obligations as employees, as claimed by plaintiff and as shown prima facie by the affidavits submitted, defendants engaged in acts or omissions that were not under compulsion of their employment but in resistance to its terms, though within the scope of its subject matter.

Plainly the contacts of the defendant Kenneth Leon with Massachusetts were stronger than those of the defendant Marilyn Leon because of their different positions with respect to the trips into Massachusetts. Even if she did not actively participate in her husband's meetings in Massachusetts with other employees of NAVCO, however, a factfinder might infer, whether or not her travel expenses were paid by NAVCO, that her accompanying her husband and her absence for the duration of these trips from the New York office, where she served as his secretary, were related to the business interests of NAVCO and to her business interests in her employment with NAVCO.

Thus, the *Vencedor* test of a "practical concern for the facts" of the particular case is satisfied here, and it may also be said that on the facts of this case the defendants "purposefully avail[ed] [themselves] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," in the sense of those phrases as used in *Hanson v. Denckla*.

In these circumstances, defendants' contacts with Massachusetts are such that subjecting them to suit in Massachusetts would not offend "traditional notions of fair play and substantial justice." Application of the Massachusetts long-arm statute in this context is constitutionally permissible.

Accordingly, defendants' motion to dismiss for lack of jurisdiction over the person will be denied.