**VAL LEASING, INC., Plaintiff,**

v.

**James HUTSON d/b/a Dry Creek Farm, Defendant.**

**Civ. A. No. 84–1946–Y.**

United States District Court, D. Massachusetts.

June 12, 1987.

Carol F. Grayson, Cambridge, Mass., for plaintiff.

Allen N. David, Peabody & Arnold, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This case arose out of the inadequate renovation of a horse trailer by the defendant James Hutson ("Hutson"). The amended complaint sought relief under four different theories: breach of contract (Count I), violation of Mass.Gen.Laws ch. 93A (Count II), conversion (Count III), and fraud (Count IV). Count IV was based on an alleged misrepresentation made during a telephone call Hutson placed in Arkansas to the plaintiff, Val Leasing, in Massachusetts. On July 26, 1984, Hutson moved to dismiss the complaint for lack of personal jurisdiction. Another judge of this court ("the motion judge") denied that motion on January 10, 1985. In his Memorandum and Order the motion judge stated that:

> If it were not for the averment of the misrepresentation, there would be no hesitation in allowing the motion to dismiss....

> If in fact the plaintiff was caused to act by reason of advertising done here by the defendant, followed by deceit, effective service could be made under [Mass. Gen.Laws] C. 223A, § 3(d). *Murphy v. Erwin–Wasey, Inc.,* 460 F.2d 661 (1st Cir.1972).

At trial, Val Leasing waived its conversion count and the case was submitted to the jury on three issues: breach of contract, violation of Chapter 93A, and fraud. The jury returned verdicts for Val Leasing on the first two counts in the amount of $5,000, and for Hutson on the fraud count. Hutson now moves for judgment notwithstanding the verdict, renewing afresh his argument that this Court is without jurisdiction over the person.

Hutson's first argument is predicated on the fact that the jury found for him on the fraud count. Attempting to convert this partial victory into a total one, he argues that because the motion judge held that jurisdiction would be lacking but for the fraud allegations, the subsequent refusal of the jury to find fraud compels the conclusion that there is no jurisdiction in this case. The argument misapprehends the nature of the jurisdictional inquiry.

■ When a defendant challenges personal jurisdiction over him pursuant to Fed. R.Civ.P. 12(b)(2), he casts upon the plaintiff the burden of proving the court's jurisdiction. *Gray v. O'Brien,* 777 F.2d 864, 866 (1st Cir.1985); *Escude Cruz v. Ortho Pharmaceutical Corp.,* 619 F.2d 902, 904 (1st Cir.1980); *Lizotte v. Canadian Johns–Manville Co.,* 387 F.2d 607, 608 (1st Cir. 1967); *Aro Manufacturing Co. v. Automobile Body Research Corp.,* 352 F.2d 400, 403 (1st Cir.1965), *cert. denied,* 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966). "This burden requires plaintiff first to establish sufficient facts which support the authorization of *in personam* jurisdiction under [the applicable state statutes concerning service of process] and then to establish that defendant has sufficient minimum contacts with the state to satisfy a due process analysis." *Gray v. O'Brien,* 777 F.2d at 866–67. While this much is hornbook law, precisely how the plaintiff is to "establish [the] sufficient [jurisdictional]

facts" is the subject of careful analysis in but few opinions. Because the Federal Rules of Civil Procedure contemplate that jurisdictional issues will be determined prior to trial on the merits, Fed.R.Civ.P. 12(d), a plaintiff is not required to go to the time and expense of a full dress jury trial in order to establish the validity of his claim by a fair preponderance of the evidence and a weighing and balancing of the credibility of the relevant witnesses in order to survive a motion to dismiss challenging a court's personal jurisdiction over the defendant, even though the jurisdictional issues and the underlying claim are inextricably intertwined. *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966).

■ But if a full dress trial on the jurisdictional issues is not required, what lesser mode of proof is adequate? In this circuit, Judge Keeton has authored the most carefully considered and reflective opinion on this issue. In *North American Video Corp. v. Leon*, 480 F.Supp. 213, 215–16 (D.Mass.1979), Judge Keeton thoroughly explores the policy issues inherent in the structure of the jurisdictional hearing and concludes that, when personal jurisdiction is challenged, a plaintiff must establish a "threshold" showing of jurisdiction but no more. That is, through affidavits and other competent evidence, a plaintiff must make out a *prima facie* case for the existence of personal jurisdiction, demonstrating at minimum that there is competent evidence to support each of the relevant jurisdictional prerequisites. *Accord Violet v. Picillo*, 613 F.Supp. 1563, 1566 (D.R.I. 1985); *Gilday v. Quinn*, 547 F.Supp. 803, 806 (D.Mass.1982); *Walsh v. National*

*Seating Co., Inc.*, 411 F.Supp. 564, 567 (D.Mass.1976). The trial judge makes no credibility determination in resolving the jurisdictional issues; he simply scrutinizes the affidavits and other competent evidence to determine whether the plaintiff has made a *prima facie* demonstration of the existence of the requisite jurisdictional facts. *See O'Hare International Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971).[1]

■ It follows, therefore, that the determination by a trial judge that the court has personal jurisdiction over a defendant does not purport to settle any disputed factual issues germane to the underlying substantive claim. What is settled is the court's power to exercise personal jurisdiction over a defendant, nothing more. Were this not the case, a plaintiff would be precluded by a preliminary judicial ruling from litigating disputed facts germane to the underlying substantive claim—surely a grave encroachment on the right to trial by jury guaranteed by the Seventh Amendment. *See North American Video Corp.*, 480 F.Supp. at 216.

■ Given this framework, there is nothing inconsistent between the ruling of the motion judge that Val Leasing had put forward a *prima facie* case for the exercise of personal jurisdiction, and the subsequent verdict in favor of Hutson on the fraud count after a trial on the merits. Thus, to the extent that Hutson thinks that the jury's resolution of the disputed fact issues requires this Court to "re-think" the earlier denial of the motion to dismiss, he clearly is wrong. Whether that motion properly was denied is a question for appeal, not reconsideration.[2]

---

1. Although there are some decisions in other circuits holding that, in ruling on a motion to dismiss for lack of personal jurisdiction, the trial judge must accept the uncontroverted allegations of the plaintiff's complaint as true, *Long v. Vessel "Miss Ida Ann"*, 490 F.Supp. 210, 213 (S.D.Tex.1980); *Atlantic Lines Ltd. v. M/V Domburgh*, 473 F.Supp. 700, 703 (S.D.Fla.1979), what seems to this Court to be the better reasoning is found in *Amoco Oil Co. v. Local 99, International Brotherhood of Electrical Workers*, 536 F.Supp. 1203, 1210 n. 8 (D.R.I.1982) where Judge Pettine notes that "when deciding a mo-

tion to dismiss for lack of personal jurisdiction, a court need not assume the plaintiff's allegations to be true." *See also Nichols Associates, Inc. v. Starr*, 4 Mass.App.Ct. 91, 93–94 (1976) where the Massachusetts Appeals Court concludes that the proper federal practice eschews the drawing of any unnecessary inference in the plaintiff's favor in ruling on a motion to dismiss for lack of personal jurisdiction.

2. Indeed, it is somewhat surprising that Hutson would argue that the Court should re-apply the long arm statute to the facts as found by the

The interesting question presented here is whether, notwithstanding the correctness of the original denial of the motion to dismiss, the subsequent judgment for Hutson on the fraud count destroyed the Court's jurisdiction over Hutson with respect to the other counts. Although neither party has presented the Court with any case addressing the issue, upon reflection the Court rules that the jury's verdict does not diminish its jurisdiction over Hutson.

In denying the motion to dismiss, the motion judge implicitly held that Massachusetts law permits pendent *personal* jurisdiction. That is to say that where a plaintiff has established jurisdiction over a nonresident defendant with respect to one state law cause of action, the courts of the Commonwealth will exercise jurisdiction over that defendant with respect to related state claims. *Cf. Amtrol, Inc. v. Vent-Rite Valve Corp.*, 646 F.Supp. 1168 (D.Mass.1986) (holding that court may exercise pendent personal jurisdiction over foreign defendant with respect to state law claims that arise out of a nucleus of operative facts common to federal antitrust claim). Here, the motion judge appears to have ruled that jurisdiction with respect to the breach of contract and 93A claims was proper because they were related to the fraud claim, for which he specifically found a basis of jurisdiction. The question, then, is whether the judgment for Hutson (after trial on the merits) on the "anchor" claim of fraud removes the foundation for exercising jurisdiction with respect to the "pendent" claims. The Court thinks not, and finds support in the pendent *subject matter* jurisdiction cases. In a pendent subject matter case, a loss at trial on the federal claim does not destroy the court's power to enter judgment on a pendent state claim tried at the same time. Indeed, the seminal case of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218

(1966), involved a plaintiff who at trial had lost on his federal claim but prevailed on his state claim. Because the doctrine of pendent personal jurisdiction has its roots in the jurisprudence of pendent subject matter jurisdiction, *see Amtrol*, 646 F.Supp. at 1174–76, the Court thinks the above analysis equally applicable here. Thus, the fact that Hutson prevailed on the fraud count after trial [3] does not vitiate this Court's jurisdiction over him with respect to the other claims.

Concerns of finality and convenience also support this result. This can be seen by comparing the two possible situations that will arise when a defendant prevails on the "anchor" claim. In each situation, logic counsels finding continued jurisdiction with respect to the related claims. If, as here, the defendant loses on the related claims there is no unfairness in entering judgment against him. The unfairness, if any there be, was in forcing him to defend the claims on the merits in a forum not of his chosing, in circumstances where the related claims, considered singly, did not warrant the exercise of personal jurisdiction over him. Having decided to put these claims to trial, however, there is no additional burden in enforcing the results of that trial. Alternatively, if the defendant prevails on the related claims as well as the anchor claim, it would be absurd beyond comment to claim that only the anchor claim was adjudicated on the merits.

Hutson's second argument is more limited—but also more telling. He points out that, in the interval between the events complained of and the trial of this action, the Massachusetts Legislature amended Mass.Gen.Laws ch. 93A, § 11 to limit its reach to those situations where "both persons [involved in the dispute] shall have a place of business within the commonwealth at the time of said loss [from the alleged

jury. Under this theory the Court would have to find that jurisdiction never existed and dismiss the case on jurisdictional grounds. This would rob Hutson of the *res judicata* benefit of his fraud verdict, since he would have no final adjudication on the merits. The implausibility of permitting such a barrier to finality is a perfect example of why the jury's ultimate factu-

al determination is irrelevant to the correctness of the initial ruling. *But see North American Video Corp.*, 480 F.Supp. at 216.

**3.** Where the anchor claim is dismissed before trial the result might well be different. *Amtrol*, 646 F.Supp. at 1176 n. 5.

unfair or deceptive act or practice]." 1985 Mass.Acts ch. 278, § 1. As it is undisputed that Hutson never had "a place of business within the commonwealth," he argues he ought have judgment on the Chapter 93A count (Count II).

 Interestingly, some time after the trial of this action, the Massachusetts Legislature again amended Mass.Gen.Laws ch. 93A, § 11. This time it vitiated the 1985 amendment and, in its stead, limited the reach of Mass.Gen.Laws ch. 93A, § 11 to unfair methods of competition and unfair or deceptive acts or practices occurring "primarily and substantially within the commonwealth." 1986 Mass.Acts. ch. 363, § 4. While the most recent amendment re-draws the boundaries of Chapter 93A, § 11, it remains clear that Hutson's actionable conduct falls geographically far outside them. Indeed, the gravamen of the vast preponderance of the evidence introduced at trial concerned the renovation of a horse trailer by Hutson in Arkansas. Since both the 1985 and 1986 amendments to Mass.Gen.Laws ch. 93A, § 11 purport to apply to all actions "brought or maintained" under that section, Hutson continues to claim that—even under the most recent amendment, passed after the jury verdict had been rendered in this case—he ought have judgment on the Chapter 93A count (Count II).

The effect of the enactment of a substantive amendment purporting to apply to all actions then pending under Mass. Gen.Laws ch. 93A, § 11, even actions that had progressed to verdict, has engendered considerable analysis at the trial level. *Compare McCrane & Co., Inc. v. National Hydro Corp.*, No. 78934, slip op. (Mass. Sup.Ct. Oct. 16, 1986) (Grabau, J.) (the most comprehensive review of the impact of the 1985 amendment, this Massachusetts Superior Court decision applies the 1985 amendment to a pending action to extinguish the Mass.Gen.Laws ch. 93A, § 11 counterclaim count) *with Gary Chemical Corp. v. Maine Aviation Corp.*, No. 83–1552–Z, (D.Mass. Jan. 27, 1986) (order refusing to

apply the 1985 amendment so as to grant summary judgment on the Mass.Gen.Laws ch. 93A, § 11 counts). These disparate approaches have, however, been authoritatively resolved in this Circuit in *Nickerson v. Matco Tools Corp.*, 813 F.2d 529 (1st Cir.1987) which holds that the most recent amendment of Mass.Gen.Laws ch. 93A, § 11 applies to all cases presently pending and not resolved by final judgment where the time for appeal has lapsed. *Id.* at 532. Any argument by Val Leasing addressed to the unfairness of the result of the First Circuit Court's opinion in *Nickerson* lacks merit since "[n]o person has a vested interest in any rule of law entitling him to insist that is shall remain unchanged for his benefit." *Hammond v. United States*, 786 F.2d 8, 12 (1st Cir.1986) (*quoting New York Central R.R. v. White*, 243 U.S. 188, 198, 37 S.Ct. 247, 250, 61 L.Ed. 667 [1917]).

As Hutson is correct as to this aspect of his argument, judgment will enter in his favor on Count II notwithstanding the verdict.

Hutson's other arguments in support of his motion are without merit; the motion for judgment notwithstanding the verdict is otherwise denied. Judgment shall enter for Val Leasing, Inc. on the contract count in the amount of $5,000.00.