Efpraxia Pamela SALPOGLOU, Plaintiff,

v.

SHLOMO WIDDER, M.D.,
P.A., Defendant.

Civ. A. No. 95–10732–MEL.

United States District Court,
D. Massachusetts.

Sept. 26, 1995.

Efpraxia Pamela Salpoglou, Chestnut Hill, MA, pro se.

Stephen C. Bazarian, Newton, MA, for Plaintiff.

Paul M. McTague, Martin, Magnuson, McCarthy & Kenney, Boston, MA, for Defendant.

LASKER, District Judge.

Efpraxia Pamela Salpoglou sues Shlomo Widder, M.D., P.A., for medical malpractice and breach of contract. The parties agree that this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Widder moves to dismiss for lack of personal jurisdiction and improper venue. Salpoglou argues that the court has personal jurisdiction over Widder under the Massachusetts long-arm statute on the breach of contract claim and pendent personal jurisdiction on the malpractice claim.

## I.

Salpoglou currently resides in Massachusetts, and Widder's primary place of business is in Virginia. While in Massachusetts, Salpoglou read an advertisement by Widder in the Washington *Times*, which she purchased in Massachusetts. In September 1992, Salpoglou moved to Maryland seeking employment. As a result of having seen Widder's advertisement in Massachusetts and a further newspaper advertisement by him in Maryland, Salpoglou contacted Widder about performing cosmetic surgery on her nose.

When informed that she was required to have blood work performed before the operation, Salpoglou asked Widder if it would be acceptable to have the blood work done at a Massachusetts hospital. He assented, the procedures were conducted in December 1992, and the results were sent to Widder's office.

On January 7, 1993, Widder performed surgery on Salpoglou at his Virginia office. The operation proved unsuccessful, and a second operation, which was also unsuccessful, was performed in Virginia on April 15, 1993.

In May 1993, Salpoglou moved to Massachusetts and has resided here since then. The events leading to the breach of contract claim have occurred while Salpoglou resided

in Massachusetts. In August 1994, Salpoglou wrote to Widder from Massachusetts, offering to release him from any claims she might file as a result of the surgeries performed by him if he undertook to pay for a third operation by another doctor.

Shortly thereafter, an employee in Widder's office telephoned Salpoglou in Massachusetts to accept Salpoglou's offer on behalf of Widder. Widder's employee requested that Salpoglou inform Widder of the name of the surgeon who would perform the operation so that Widder could determine the cost of the surgery.

In December 1994, Salpoglou, in Massachusetts, telephoned Widder's office to inform him of the name of the doctor who would perform the third operation. Thereafter, Widder or his agent also contacted that doctor at his Massachusetts office to determine the cost of the surgery. On December 22, 1994, in response to a request from Widder's office, Salpoglou drafted and mailed a letter confirming their previous agreement. (The agreement was never signed by either party.)

On February 16, 1995, the third operation took place in Massachusetts. In numerous subsequent communications between Salpoglou in Massachusetts and Widder's office, Salpoglou was told that Widder refused to pay for the cost of the third operation. As a result, Salpoglou instituted this suit.

## II.

Widder argues that this court does not have personal jurisdiction over him because neither he nor his agent has transacted, contracted for, conducted, solicited, or engaged in any business in Massachusetts within the meaning of the Massachusetts long-arm statute. Mass.Gen.Laws Ann. ch. 223A, § 3(a) (West 1988). Widder points out that Salpoglou's complaint fails to allege the facts necessary to satisfy the requirements of either the Massachusetts long-arm statute or the Due Process Clause of the 14th Amendment. Salpoglou does, however, allege such contacts in her affidavit in opposition to Widder's motion to dismiss.

Salpoglou contends that this court has personal jurisdiction over the breach of contract claim under both the Massachusetts long-arm statute and the Due Process Clause. She argues that the requirements for the long-arm statute are satisfied because the series of telephone calls to and from Salpoglou in Massachusetts and Widder's purposeful advertisement in Massachusetts constituted transaction of business within the meaning of the statute.

Salpoglou argues that this court has personal jurisdiction over the malpractice claim pursuant to the pendent personal jurisdiction doctrine: Because the court has personal jurisdiction over Widder with respect to the breach of contract claim, it can also exercise personal jurisdiction with respect to the malpractice claim because both arise from a common nucleus of operative facts. *Home Owners Funding Corp. of America v. Century Bk.*, 695 F.Supp. 1343, 1345 (D.Mass. 1988); *Val Leasing, Inc. v. Hutson*, 674 F.Supp. 53, 56 (D.Mass.1987); *Amtrol, Inc. v. Vent–Rite Valve Corp.*, 646 F.Supp. 1168, 1174–5 (D.Mass.1986) (discussed below).

Salpoglou also asserts that due process concerns have been satisfied because Widder has purposely availed himself of the privilege of conducting activities in Massachusetts by entering into a contract with Salpoglou in Massachusetts, advertising himself as a plastic surgeon licensed in the Commonwealth, circulating advertisements in newspapers available in Massachusetts, and authorizing and benefitting from pre-operative blood work by a Massachusetts hospital.

Finally, Widder argues that venue is improper because he does not reside in Massachusetts and has had no contacts with this state. Salpoglou asserts that the alleged contract was entered into and breached in telephone calls to and from Salpoglou in Massachusetts, that these contacts constituted a substantial part of events giving rise to her breach of contract claim, and that venue in Massachusetts in proper.

## III.

Widder correctly contends that even if subject matter jurisdiction exists, this court cannot exercise personal jurisdiction

over him unless the requirements of the Massachusetts long-arm statute are satisfied. The requirements of that statute cannot be satisfied as to the malpractice claim because the two operations performed by Widder took place in Virginia. However, where a Court has subject matter jurisdiction over both the malpractice and the breach of contract claims, it may obtain personal jurisdiction based on either of the claims pursuant to the doctrine of pendent personal jurisdiction. *Home Owners Funding Corp. of America v. Century Bk.*, 695 F.Supp. at 1345 ("in a multi-count complaint, if a court has personal jurisdiction over the defendant with respect to one count, it has personal jurisdiction ... with respect to all counts"); *Val Leasing, Inc. v. Hutson*, 674 F.Supp. at 56 (when the plaintiff has established jurisdiction over a nonresident defendant with respect to one state law cause of action, courts of the Commonwealth will exercise jurisdiction over that defendant with respect to related state claims); *Amtrol, Inc. v. Vent–Rite Valve Corp.*, 646 F.Supp. at 1174–5 (where a court obtains jurisdiction over defendant pursuant to extraterritorial service of process provision of Clayton Act, it may also exercise jurisdiction over that defendant with respect to state law claims arising out of a common nucleus of operative facts).

The determinative issue as to personal jurisdiction over the defendant is whether the defendant's forum-state contacts satisfy the requirements of the Massachusetts long-arm statute. Mass.Gen.Laws Ann. ch. 223A, § 3(a) (West 1988). In the case at hand, the series of telephone communications between Salpoglou and Widder or his agents and Widder's purposeful advertisements in Massachusetts constitute transacting business in this Commonwealth.

■ Under Massachusetts law, personal jurisdiction exists when 1) the claim directly arises out of or relates to the defendant's forum-state activities; 2) the defendant's in-state contacts represent purposeful availment of the privilege of conducting activities in the forum state, thus invoking the benefits and protection of its laws; and 3) the court's exercise of jurisdiction is reasonable, balancing the defendant's burden of appearing in

the forum state, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in obtaining the most effective resolution of controversy, and the common interest of all sovereigns in promoting substantive social policy. *United Electric Workers v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1089 (1st Cir.1992).

■ In the case at hand, each of these criteria has been satisfied. First, the breach of contract claim arose directly from Widder's forum-state activities. Widder's agents made numerous telephone calls to Salpoglou in Massachusetts to discuss the alleged contract with her, and the contract was actually entered into (and breached) in the course of these telephone calls. Second, by advertising himself as a plastic surgeon licensed in the Commonwealth, placing advertisements in newspapers which regularly circulate in Massachusetts (a fact which Widder does not contend that he was unaware), and authorizing Salpoglou's pre-operative blood work to be performed by a Massachusetts hospital, Widder purposefully availed himself of the privilege of conducting activities in the forum state. Third, because, as just indicated, Widder is subject to the jurisdiction of this court on the breach of contract claim, his appearance on the malpractice claim will not impose a significant burden, and litigating both claims simultaneously will further economy both for the litigants and the court. Moreover, Salpoglou is a resident of Massachusetts, who obviously has an interest in litigating her claims here. Finally, because the contract was entered into by one of its citizens and breached in Massachusetts, Massachusetts courts have an interest in adjudicating the dispute. Thus, the court's exercise of jurisdiction is reasonable.

■ The Massachusetts courts have construed the "transacting any business" clause of the long-arm statute broadly. *Heins v. Wilhelm Loh Wetzlar Optical*, 26 Mass.App. Ct. 14, 17, 522 N.E.2d 989 (1988), relying on *Good Hope Industries, Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6–7, 389 N.E.2d 76 (1979). In the present case, the requirements are sufficiently satisfied by the facts underlying the breach of contract claim. That being so,

this court may exercise both personal jurisdiction over the defendant as to the breach of contract claim and pendent personal jurisdiction over him as to the malpractice claim. *Home Owners Funding Corp. of America v. Century Bk.*, 695 F.Supp. at 1345; *Val Leasing, Inc. v. Hutson*, 674 F.Supp. at 56; *Amtrol, Inc. v. Vent–Rite Valve Corp.*, 646 F.Supp. at 1174–5.

Widder's argument that exercise of jurisdiction over him would violate the Due Process Clause of the 14th Amendment is without merit. The requirements of the Due Process Clause are met by minimum contacts with the particular forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) ("due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice' "). The telephone calls between Widder or his agents and Salpoglou in Massachusetts and Widder's purposeful advertisement in Massachusetts satisfy the minimum contacts requirement of the Due Process Clause. Thus, there are no due process concerns which would preclude the Court's personal jurisdiction over Widder.

Finally, venue in this district is authorized by 28 U.S.C. § 1391(a), which states in relevant part:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) a judicial district in which a substantial part of events giving rise to claim occurred....

Because a substantial part of the events giving rise to the breach of contract claim occurred in Massachusetts, venue is proper in this court.

Venue must be proper for each claim. *Beattie v. United States*, 756 F.2d 91, 100 (D.C.Cir.1984) (citing 1 J. Moore, Moore's Federal Practice, ¶ 0.142[3] (2d ed. 1984)). As it is in this case, for the reasons stated above as to jurisdiction. *Id.* at 101 ("The doctrine of 'pendent venue' is now well established.")

Accordingly, Widder's motion to dismiss is denied.

It is so ordered.