FIGAWI, INC., Plaintiff,

v.

Robert F. HORAN, Defendant.

No. CIV. A. 97–11180–REK.

United States District Court,
D. Massachusetts.

July 21, 1998.

Peter N. Baylor, Lori J. Polacheck, Nutter, McClennen & Fish, Boston, MA, Patrick M. Butler, Nutter, McClennen & Fish, Hyannis, MA, for Figawi, Inc., Plaintiffs.

Roger S. Davis, Davis & Rubin, Boston, MA, for Robert F. Horan, Defendant.

### Memorandum and Order

KEETON, District Judge.

### I. Procedural and Factual Background

Pending for decision before the court is defendant's Motion to Dismiss and Request for Oral Argument (Docket No. 15, filed February 26, 1998). Plaintiff filed opposition (Docket No. 22, filed May 1, 1998).

This case arises from the use of a logo and mark for commercial purposes by two parties. They consented to mutual use up to a point in the past, and then parted ways. At the center of the controversy are (i) the undisputed fact that only the defendant has registered the trademark at issue and (ii) plaintiff's disputed allegation that defendant should not have done this because defendant was aware of plaintiff's continued use of the logo and mark.

The logo at issue depicts a male described by the parties as a "Native American" wearing a captain's hat and a feather on his head and looking through the wrong end of a telescope. The mark at issue is the name "Figawi."

In particular, plaintiff has made the following allegations of fact:

*Early 1970s.* Logo and mark "[are] developed" for promotional use in connection

with a boat race from Hyannis to Nantucket over Memorial Day weekend. Verified Complaint at 3 (passive voice in original). There is no mention of who designed or commenced use of the logo and mark.

*1979.* Defendant registers logo in Massachusetts for use on merchandise.

*1980.* Plaintiff corporation is formed.

*1980–1989.* Plaintiff uses logo and mark "with Horan's knowledge and consent." Verified Complaint at 4. At an unspecified time in this period, defendant moves to Florida and ceases to be associated with plaintiff.

*1989–present.* Plaintiff continues to use logo and mark. Defendant sells "T-shirts and caps, with the Figawi Mark and Logo." Verified Complaint at 7.

*March 28, 1989.* Defendant's registration of logo expires.

*July 6, 1993.* Defendant obtains re-registration of logo in Massachusetts.

*April 1997.* Defendant places advertisement in Boston Globe for merchandise bearing the logo and mark.

Plaintiff has filed a seven-count Verified Complaint (Docket No. 1, filed May 23, 1997).

Count I of the complaint alleges that defendant's continuing use of the logo and mark described above constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

Count II alleges that defendant's continuing use of the logo and mark is likely to create confusion among consumers in violation of the Lanham Act, 15 U.S.C. § 1125(a).

Count III alleges that (i) defendant's use of the logo and mark in connection with a boat race in Florida dilutes the value of use of the logo and mark in connection with the boat race that plaintiff organizes in Massachusetts, and (ii) that the Massachusetts boat race preceded in time and was "famous" before the boat race in Florida.

Count IV alleges trademark infringement under the common law of the Commonwealth of Massachusetts.

Count V alleges common law unfair competition.

Count VI alleges unfair competition and dilution under statutes of the Commonwealth of Massachusetts, including a Chapter 93A claim.

Count VII alleges that defendant committed fraud in applying for renewal of trademark registration in Massachusetts of the logo and mark in 1993 by "knowingly making false statements," in his application for trademark registration. Verified Complaint at 14. The plaintiff specifically identified the following statements allegedly made by defendant:

> [t]hat he was using the Logo on the listed goods, that he believed himself to be the owner of the Logo, and that he believed no other person had the right in the Commonwealth of Massachusetts to use the Logo in his application for registration.

*Id.* Plaintiff appears to assert a cause of action for fraudulent procurement of trademark registration under Mass. Gen. L. ch. 110B, § 10.

With respect to all of these claims, plaintiff asks this court to order declaratory, compensatory and permanent injunctive relief.

## II. Which, if Any, of the Disputes over Jurisdiction and Venue Should the Court Decide Now?

A core issue that none of the submissions filed by the parties addresses squarely and adequately is the extent to which, if both subject-matter and in-personam jurisdiction are shown as to one claim, under federal or state law or both, the court may and should exercise supplemental jurisdiction over one or more other claims, under federal or state law or both. Because the outcome of many of the other disputed issues of law material to the motions now pending before the court may depend on the answer to this core issue, I consider it first.

Among the potential sets of circumstances that may exist when a court first considers this core issue are the following:

(1) None of the claims alleged in the complaint is a claim over which the court has subject-matter jurisdiction. The only appropriate final order for the court to make in this instance is a dismissal of the civil action for lack of subject-matter jurisdiction. *See United Mine Workers of*

*America v. Gibbs,* 383 U.S. 715, 722, 727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Camelio v. American Fed.,* 137 F.3d 666, 672 (1st Cir.1998); *Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir.1995); *Brennan v. Hendrigan,* 888 F.2d 189, 196 (1st Cir.1989).

(2) The court has subject-matter jurisdiction over one or more claims alleged, under federal or state law or both, but none of the claims alleged in the complaint is a claim as to which the plaintiff has met plaintiff's burden of making at least a prima facie showing of in personam jurisdiction over the defendant. In this instance, the court may, and perhaps must in the absence of any material change of circumstances, either (i) dismiss the civil action for lack of in-personam jurisdiction or (ii) make an appropriate procedural order allowing plaintiff a reasonable opportunity to make a showing that the plaintiff, for good cause or excusable neglect, has not so far made. *See, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) (both subject-matter and in-personam jurisdiction must be present); *Media Duplication Serv. Ltd. v. HDG Software, Inc.,* 928 F.2d 1228, 1232 (1st Cir.1991) (lack of personal jurisdiction is sufficient to reverse judgment even when appellant challenges both subject-matter and personal jurisdiction).

(3) As to one claim but not others, plaintiff has met plaintiff's burden of showing subject-matter jurisdiction and plaintiff's burden of making a prima facie showing of in personam jurisdiction and venue. In this instance, the court is authorized to determine in an exercise of discretion, that the civil action may go forward on that one claim only, but that the court will not undertake to adjudicate any issue not material to that one claim until one party or the other shows good cause for doing so. That the court is authorized to permit the civil action to go forward on that one claim is well settled. *See, e.g., Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 46 F.3d 138, 151 (1st Cir.1995); *Val Leasing Inc. v. Hutson,* 674 F.Supp. 53, 55 (D.Mass.1987) (findings at trial that only supported con-clusion of no personal jurisdiction with respect to some counts did not "destroy the Court's jurisdiction over [defendant] with respect to the other counts"). It is less clear that precedents have squarely considered whether, and decided that, the court may limit proceedings in the civil action to issues material to that one claim, but I conclude from the guidance that is available in precedents that this is the most supportable answer. *See, e.g., United Elec., Radio and Mach. Workers v. 163 Pleasant Street Corp.,* 960 F.2d 1080, 1089 (1st Cir.1992) ("defendant's in-state conduct must form an important or at least material element of proof in the plaintiff's case"; also discussing "Gestalt factors") (citations omitted); *Milford Power Ltd. Partnership v. New England Power Co.,* 918 F.Supp. 471, 479–80 (D.Mass.1996) (failure of plaintiff to meet burden of showing in-personam jurisdiction with respect to some claims required dismissal of those claims, even if plaintiff met burden with respect to other claims). *But see also Salpoglou v. Shlomo Widder M.D., P.A.,* 899 F.Supp. 835, 837 (D.Mass.1995) ("Because the court has personal jurisdiction over Widder with respect to the breach of contract claim, it can also exercise personal jurisdiction with respect to the malpractice claim because both arise from a common nucleus of operative fact"); *Home Owners Funding Corp. of America v. Century Bank,* 695 F.Supp. 1343, 1345 (D.Mass. 1988) ("in a multi-count complaint, if a court has personal jurisdiction over the defendant with respect to one count, it has personal jurisdiction with respect to all counts"). The decisions in these two cases that seem to contradict this court's conclusion, however, analogize "pendant personal jurisdiction" to "pendant subject-matter jurisdiction" in support of their conclusion. That analogy is not persuasive in the face of due process concerns underscored in *Insurance Corp. of Ireland,* 456 U.S. at 701, 102 S.Ct. 2099, and *Media Duplication Serv.,* 928 F.2d at 1232. Moreover, tendencies toward an expansive concept of pendent jurisdiction—even pendent subject-matter jurisdiction—have been questioned and, in some instances curbed, in

more recent precedents that move toward an increasingly claim-based and claim-specific explanation of the scope and limits of jurisdiction of federal trial courts. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 379–81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit; "[n]o federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute" and "automatic jurisdiction" to decide disputes arising from a contract for dismissal of an earlier federal-court suit is "in no way essential" to conducting federal-court business); *Recupero v. New England Tel. & Tel. Co.*, 118 F.3d 820, 829 (1st Cir.1997) (affirming summary judgment against claim for accidental disability benefits under Employee Retirement Income Security Act (ERISA), on ground that court's function was limited to judicial review and that the plan administrator's denial of benefit was not arbitrary or capricious; and noting claim-specific scope of federal jurisdiction).

These three different sets of circumstances obviously do not exhaust the range of possibilities. *See, e.g., Boit v. Gar–Tec Prod., Inc.*, 967 F.2d 671 (1st Cir.1992). But they are adequate for this court's decision of the motions now pending, for the reasons explained in the remainder of this Memorandum and Order.

### III. Dismissal under Fed.R.Civ.P. 12(b)(2)

#### A. The Applicable Legal Tests

Defendant moves to dismiss this civil action for lack of in personam jurisdiction. In support of dismissal on this ground, defendant contends that this court lacks personal jurisdiction over him because, *inter alia*, (1) the Massachusetts Long-arm Statute does not authorize jurisdiction over defendant, and (2) his contacts with Massachusetts are insufficient under applicable legal tests bearing upon constitutional due process. In opposing the motion to dismiss for lack of in personam jurisdiction, plaintiff contends that either § 3(a) or § 3(c) of Mass. Gen. L. ch. 223A, or both, authorize this court to exercise jurisdic-

tion, and that an exercise of jurisdiction over defendant does not violate his right to due process.

■ Defendant correctly points out that plaintiff bears the burden of showing that the court has jurisdiction. Statutory provisions and precedents do not prescribe a single, mandated procedural structure for deciding an issue regarding in personam jurisdiction. *See Boit v. Gar–Tec Prod., Inc.*, 967 F.2d 671 (1st Cir.1992). Nevertheless, it is settled that at minimum, to defeat a motion to dismiss on this ground, a plaintiff must make a prima facie showing that personal jurisdiction lies in this court. *See Rodriguez v. Fullerton Tires Corp.*, 115 F.3d 81, 84 (1st Cir.1997) ("[A]ll litigants effectively are on notice that motions to dismiss for want of personal jurisdiction will be adjudicated under the prima facie standard *unless* the court informs them in advance that it will apply a more demanding test.").

For the reasons stated below, I conclude that plaintiff has made a prima facie showing that this court has authority to exercise jurisdiction over defendant with respect to some claims, but not with respect to other claims.

### B. Long–Arm Jurisdiction Under Mass. Gen. L. ch. 223A

#### 1. In General

■ Plaintiff has asserted that certain of the acts of defendant, separately or as a totality, amount to "transacting business" and that those acts are enough to show that each claim asserted "aris[es] from" conduct that amounted to "transaction of business" in Massachusetts. *See* Mass. Gen. L. Ann. ch. 223A, § 3(a). Plaintiff has asserted, in addition, that each claim "aris[es] from" defendant's "causing tortious injury by an act or omission in this commonwealth." *See* Mass. Gen. L. Ann. ch. 223A, § 3(c). If adequately supported, one or another of these assertions with respect to each claim would allow this court to exercise personal jurisdiction over defendant as to that specific claim if doing so is consistent with constitutional due process. *See Foster–Miller, Inc.*, 46 F.3d at 144.

In this case, plaintiff has alleged in the complaint and in his opposition to the motion

to dismiss the following contacts of defendant with Massachusetts: (1) defendant applied for, and obtained, re-registration of the logo in Massachusetts in 1993; (2) in April of 1997, defendant placed two advertisements in the Boston Globe for merchandise bearing the logo and mark; (3) defendant has sold "merchandise, including T-shirts and caps, with the Figawi Mark and Logo," Verified Complaint at 7; (4) defendant currently "advertises" a "Figawi South" race on websites that are accessible to consumers in Massachusetts; and (5) defendant mailed to participants in the "Figawi" race (without specifying whether the recipients were in Massachusetts when they received the mailing) a brochure about the "Figawi South" race.

Plaintiff has the burden to show that each asserted cause of action "arises from" transacting business in Massachusetts. In this case, plaintiff does not contend that defendant has "continuous and systematic" contacts with Massachusetts. Under these circumstances, personal jurisdiction over defendant with respect to the acts giving rise to one claim does not authorize this court to exercise jurisdiction over the defendant with respect to another claim. *See* Part II, *supra.* The questions, therefore, are (1) whether one, or a combination, of the contacts described immediately above constitutes "transacting business" in Massachusetts or constitutes an "act or omission in Massachusetts" that caused tortious injury in Massachusetts, and (2) whether each asserted cause of action "arises from" whatever contacts constitute "transacting business" in Massachusetts or an "act or omission in Massachusetts" that caused tortious injury in Massachusetts.

Defendant disputes the relevance and materiality of plaintiff's allegations in opposition to the motion to dismiss. In particular, with respect to (3) above, defendant asserts that he only sold three T-shirts and a cap as a result of his two advertisements in the Boston Globe. *See* Affidavit of Robert F. Horan in Support of Motion to Dismiss (Docket No. 17, filed February 26, 1998) at 2. In its opposition, plaintiff did not proffer any evidence that may support a determination by

this court that defendant's assertion is genuinely in dispute.

Furthermore, with respect to the mailing of brochures bearing the logo mark by defendant to unspecified persons at unspecified locations, plaintiff has not alleged that any of the recipients were in Massachusetts when receiving the mailing.

Plaintiff's opposition fails to address the claim-specific nature of "specific" in personam jurisdiction under § 3(a) and § 3(c). In this case, the factual allegations described above can be grouped into (1) allegations about acts and omissions allegedly causing a fraudulent 1993 registration and (2) allegations about defendant's use of the logo and mark after he stopped being associated with plaintiff (newspaper advertisement, website advertisement, and merchandise sale). These two different sets of allegations correspond with the types of claims asserted by plaintiff: (i) some are claims about fraud in seeking the registration (most clearly identified in Count VII), and (ii) others are claims about unfair competition, dilution and trademark infringement based on theories other than fraud (all other counts).

For the reasons explained in this Memorandum, I conclude that plaintiff has made a prima facie showing that this court has jurisdiction under the Long–Arm Statute over the defendant only with respect to those claims based on allegations that defendant committed fraud in applying for re-registration of a Massachusetts trademark on the logo in 1993.

### 2. Causing Tortious Injury in Massachusetts by Act or Omission in Massachusetts

Plaintiff has alleged that defendant failed to disclose, to the Massachusetts trademark office in 1993, knowledge that other persons, namely plaintiff and those authorized by plaintiff, had consistently and persistently used the logo and mark. A reasonable reading of plaintiff's complaint also reveals an assertion that this failure to disclose may be the basis for other causes of action for unfair competition, dilution and trademark infringement.

An allegation of fraud, of course, is an allegation of tortious injury. An allegation of a deliberate failure to disclose material facts in the presence of a duty to disclose is sufficient to assert a cause of action for fraudulent misrepresentation. The filing of the application for registration that allegedly failed to disclose material facts that defendant was under a duty to disclose satisfies the requirement of an act in Massachusetts allegedly "causing tortious injury" in Massachusetts. In addition, it is undisputed that the alleged harm occurred, mostly if not completely, in Massachusetts.

For these reasons, I conclude that, with respect to claims based on a theory of fraud in seeking registration, plaintiff has alleged sufficient facts to make a prima facie showing of in personam jurisdiction under § 3(c).

■ Nevertheless, for the reasons explained immediately below, I conclude that, with respect to the claims of trademark infringement, unfair competition, and dilution, to the extent that these claims are based on allegations of conduct other than fraud at the time of registration, plaintiff has not made a prima facie showing that defendant caused tortious injury by acts or omissions in Massachusetts.

Plaintiff correctly points out that allegations of unfair competition and trademark infringement, when adequately plead as in this case, are ordinarily allegations of tortious injury. *See Keds v. Renee Int'l Trading Corp.,* 888 F.2d 215, 218 (1st Cir.1989) (trademark infringement is a tort). Another issue of concern, however, is whether defendant caused this alleged tortious injury by acts or omissions in this Commonwealth.

Plaintiff contends that the "advertisement" on a website, the two advertisements in the Boston Globe and the sales of merchandise that plaintiff alleges are, as a matter of law, acts in Massachusetts causing tortious injury in Massachusetts for purposes of § 3(c). Plaintiff seems to rely on *Digital Equip. Corp. v. Altavista Technology, Inc.,* 960 F.Supp. 456 (D.Mass.1997). In that case, the court determined that contents of a website were acts in Massachusetts that caused trademark infringement in the commonwealth because defendant "knows that its

Web-site reaches residents of Massachusetts [who] choose to access it, just as surely as it knows any letter or telephone call is likely to reach its destination." 960 F.Supp. at 466. Plaintiff contends that the website advertisement, newspaper advertisement and merchandise sales in this case are essentially similar to the website use of the trademark in *Altavista.*

In any event, however, defendant's placement of the newspaper ad and the sales of merchandise from Florida, as alleged, are, as a matter of law, out-of-state acts. *See Keds,* 888 F.2d at 218 (sale of merchandise via phone and mails is "act outside the commonwealth"). And plaintiff's allegations regarding defendant's "website advertisement," in this case, do not even assert that defendant knew that the "Figawi South" race was advertised on the Web. Thus, I conclude that plaintiff has failed to make such a prima facie showing with respect to claims based on all other allegations, even though plaintiff has made a prima facie showing that the alleged acts of defendant in applying for re-registration of the trademark in 1993 were acts or omissions in Massachusetts causing tortious injury in Massachusetts.

### 3. Transacting Business in Massachusetts

■ For purposes of deciding in personam jurisdiction under the Massachusetts Long–Arm Statute, the question remains whether this court has in personam jurisdiction under § 3(a) ("transacting business") over the defendant with respect to claims other than allegations of fraud in seeking registration of the trademark in 1993.

In opposing the motion to dismiss, plaintiff fails to connect each set of allegations with each cause of action asserted. Instead, plaintiff contends that all of the contacts described above constitute either "transacting business in Massachusetts" or acts or omissions causing tortious injury in Massachusetts, and that all of plaintiff's claims "arise from" one or more of these contacts.

In support of these contentions, plaintiff cites *Christopher v. Mount Snow, Ltd.,* 1996 WL 590738 (D.Mass.1996), for the proposition that "any advertisement" in Massachu-

setts constitutes "transacting business." The case, however, does not support the proposition that "any advertisement" would do. Instead, the case states that the advertisement must be "purposeful" and "persistent." *Christopher,* 1996 WL 590738, at *2–*3. Indeed, the Supreme Judicial Court has determined that one advertisement in a publication "distributed in Massachusetts" and a subsequent sale by the out-of-state defendant to the instate plaintiff, over the phone and mails, do not constitute "transacting business" in Massachusetts. *Droukas v. Divers Training Academy, Inc.,* 375 Mass. 149, 151, 376 N.E.2d 548, 550 (1978). In this case, plaintiff's allegations are closely analogous to those in *Droukas.*

For these reasons, I conclude that plaintiff has failed to make a prima facie showing that defendant was "transacting business in Massachusetts" with respect to claims based on allegations other than the alleged fraud in seeking re-registration of the trademark in 1993.

#### 4. "Arising from"

■ Among other possibilities, a cause of action may "arise from" contacts with the Commonwealth if "defendant['s] contacts with the Commonwealth constitute the first step in a train of events that result[s] in" the alleged harm, that is, if the contacts are a "but for" cause. *Lyle Richards Int'l, Ltd. v. Ashworth, Inc.,* 132 F.3d 111, 114 (1st Cir. 1997) (citations omitted); *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 770, 625 N.E.2d 549, 553 (1994).

Plaintiff's claims based on allegations of fraud in seeking registration of the trademark "arise from" an act or omission that allegedly caused tortious injury in Massachusetts. "But for" defendant's failure to disclose his alleged knowledge that plaintiffs were using the logo and mark in filing his application for re-registration in Massachusetts in 1993, plaintiff would not be able to assert a cause of action, based on that theory, against defendant.

For these reasons, I conclude that plaintiff has made a prima facie showing that his claims based on allegations of fraud in seeking re-registration "arise from" acts or omis-

sions in Massachusetts causing tortious injury in Massachusetts.

#### C. Due Process Considerations

■ The appropriate constitutional inquiry in this case is guided by First Circuit precedent:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's forum-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of the state's laws and making the defendant's involuntary presence before the state's court foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Nowak v. Tak How Investments, Ltd.,* 94 F.3d 708, 712–13 (1st Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1333, 137 L.Ed.2d 493 (1997).

#### 1. Relatedness

The standard for meeting the "relatedness" prong of the applicable test is whether defendant's acts were a "proximate cause" of plaintiff's alleged harm. *Nowak,* 94 F.3d at 716. In this case, a reasonable person in defendant's position would have foreseen that his allegedly fraudulent application for registration would result in harm to plaintiff in Massachusetts. The proximate cause standard is satisfied.

For these reasons, I conclude that plaintiff has made a prima facie showing of "relatedness" with respect to claims alleging fraud by defendant in seeking re-registration of the trademark in 1993.

#### 2. Purposeful Availment

The defendant filed an allegedly fraudulent application for re-registration of the logo as a protected trademark in Massachusetts. In these circumstances, as a matter of law, the defendant should have anticipated the likelihood of being haled into court in Massachusetts. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). *See also National Patent Dev. Corp. v. T.J. Smith & Nephew Ltd.,* 877 F.2d 1003, 1009–10 (D.C.Cir.1989) (regis-

tration of patent with United States Patent and Trademark Office by foreign national sufficient to constitute "purposeful availment" in this country). Furthermore, defendant's acts leading to re-registration in 1993 were indisputably voluntary. See *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

For these reasons, I conclude that plaintiff has made a prima facie showing of "purposeful availment" with respect to claims alleging fraud by defendant in seeking re-registration of the trademark in 1993.

### 3. Reasonableness under the Gestalt Factors

The applicable "gestalt factors" are the following:

(1) defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Nowak,* 94 F.3d at 717 (citations omitted).

In this case, important interests of Massachusetts are at stake. Plaintiff has alleged serious violations of federal and state trademark laws. More importantly, the allegation that defendant committed fraud on the Massachusetts trademark office, thus harming plaintiff, is conduct that lawmakers in Massachusetts have proscribed by statute. Mass. Gen. L. ch. 110B, § 10. In addition, the allegations of fraud are sufficient to state a cause of action under Mass. Gen. L. ch. 93A, a statute through which Massachusetts provides a high standard of protection and possible awards of multiple damages and · attorney's fees to individuals and businesses doing business in Massachusetts. For these reasons, Massachusetts, more than any other forum, has a strong interest in adjudicating these claims and allegations.

Plaintiff's interest in convenient and effective relief also weighs in favor of exercising jurisdiction. Many of plaintiff's claims are claims for declaratory and injunctive relief. This type of relief frequently requires ongoing involvement of the court. In this case, the appropriate declaratory and injunctive relief, if any, is likely to order the parties to do or not do something in Massachusetts. For these reasons, effective relief is likely to be greater in Massachusetts.

To be sure, the inconvenience to defendant of defending a case in Massachusetts is great because he is a resident of Florida. Nevertheless, the seriousness of the allegations, in light of the record before the court, makes the interests of Massachusetts and plaintiff more compelling than those of defendant.

For these reasons, I conclude that plaintiff has made a prima facie showing that the gestalt factors weigh heavily in favor of exercising jurisdiction with respect to claims based on allegations that the defendant committed fraud in seeking re-registration of the trademark on the logo in Massachusetts in 1993.

### D. Surviving Claims

After having determined the appropriate scope of jurisdiction, I proceed to identify the claims with respect to which, because they are based on the allegations of fraud by defendant in applying for re-registration in 1993, this court has in personam jurisdiction over the defendant.

For the reasons stated below, I conclude that, after the rulings above, only two claims remain in this case and only with respect to the allegedly fraudulent application for re-registration in 1993:(1) a claim for deceptive trade practices by defendant under Mass. Gen. L. ch. 93A, § 11, and (2) a claim for fraudulent procurement of registration under Mass. Gen. L. ch. 110B, § 10.

Plaintiff alleges "fraudulent conduct" only in Count VII of the complaint. Count VII is reasonably interpreted as asserting a cause of action for fraudulent procurement under Mass. Gen. L. ch. 110B, § 10.

All of the events leading to the "fraudulent procurement" took place before defendant completed his efforts in seeking re-registration in 1993. The statute provides that:

Any person who shall for himself, or on behalf of another person, procure the filing or registration of any mark in the office of

the state secretary, by knowingly making any false or fraudulent representation or declaration, verbally or in writing, or by any other fraudulent means, shall be liable to pay all damages sustained in consequence of such filing or registration, to be recovered by or on behalf of the party injured thereby in any court of competent jurisdiction.

Mass. Gen. L. ch. 110B, § 10. Under this statutory action, the fraud takes place in "procur[ing]."

I conclude that the allegations in Count VII and in other parts of the complaint also allege sufficient conduct to state a cause of action under Chapter 93A for deceptive trade practices with respect to the allegations of fraud.

This court has not been able to identify any other claims in plaintiff's Verified Complaint that are allegedly based on plaintiff's allegations of fraud by the defendant in applying for re-registration. If plaintiff disagrees with this determination, plaintiff may file an appropriately supported motion for reconsideration of this ruling on or before Thursday, August 13, 1998. Defendant may file a response to such a motion on or before Friday, August 28, 1998.

## IV. Dismissal under Fed.R.Civ.P. 12(b)(3)

Defendant moves under Rule 12(b)(3) to dismiss plaintiff's complaint because this district court is an improper venue in which to proceed. In opposition, plaintiff points to the applicable statute:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought ... in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

28 U.S.C. § 1391(a). In cases "wherein jurisdiction is not founded solely on diversity of citizenship," venue also lies in such a district. 28 U.S.C. § 1391(b).

In Part III above, I have determined that a substantial part of the events or omissions giving rise to those claims as to which plaintiff has made a prima facie showing of in personam jurisdiction over defendant took place in Massachusetts.

For those reasons, I conclude that venue is proper in this district.

## V. Dismissal under Fed.R.Civ.P. 12(b)(6)

Defendant moves under Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff's complaint. Defendant contends that plaintiff has failed to assert a cause of action upon which this court could grant relief.

In light of the jurisdictional rulings in Part II above, I reach defendant's 12(b)(6) contention only with respect to surviving claims in this case, that is, claims based on plaintiff's allegation that defendant committed fraud in filing an application for re-registration of a trademark on the logo in Massachusetts in 1993.

In deciding the present motion to dismiss with respect to those claims, this court must accept as true all well-pleaded factual assertions in plaintiffs' complaint and draw all reasonable inferences from those assertions in plaintiff's favor. *Aybar v. Crispin–Reyes,* 118 F.3d 10, 13 (1st Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 857, 139 L.Ed.2d 757 (1998) (citation omitted). Proceeding in this way, I conclude that reasonably disputable legal-factual issues must be resolved to decide a Rule 12(b)(6) motion founded on a limitation defense. I leave that decision to be made on a record that does not suffer from the incompleteness in material respects of the record now before me.

## ORDER

For the reasons stated in the foregoing Memorandum, it is ORDERED:

Defendant's Motion to Dismiss (Docket No. 15) is DENIED, but, until a showing of good cause for doing otherwise, proceedings in this Civil Action will be limited to matters bearing upon the merits of plaintiff's claims allegedly arising from fraud associated with defendant's application in 1993 for renewal of trademark registration in Massachusetts of the logo and mark at issue, and the claims under Mass. Gen. L. ch. 93A, § 11 and Mass.

Gen. L. ch. 110B, § 10 identified in Part III.C of the Memorandum above.